ATLANTA AND RICHMOND AIR LINE RAILROAD COMPANY, plaintiff in error, *vs.* MANGHAM & PRICKETT, defendants in error.

1. Where the plaintiffs proceeded to deliver cross-ties to the defendant under a written contract, one of the provisions of which was, in substance, that in case of any dispute touching the contract, the parties waive any right of suit or any other remedy in law or otherwise, and the decision of the chief engineer of the defendant shall, in the nature of an award, be conclusive on the rights and claims of said parties, and said chief engineer decided against the plaintiffs upon a claim presented by them, the award of the chief engineer was no more binding than the award of any other arbitrators selected by the parties.

2. The agreement of the parties should be construed to mean that they would abide a legal award.

3. As the General Assembly could not pass a law impairing the right of parties to appeal to the Courts to vacate an illegal award, the chief engineer of a railroad company cannot, by his award under such a contract as is presented in this case, impair that right.

Constitutional law.   Award.   Before Judge HOPKINS. Fulton Superior Court.   October Term, 1872.

For the facts of this case, see the decision.

COLLIER & HOYT, by P. L. MYNATT, for plaintiff in error.

PEEPLES & HOWELL; B. H. HILL & SON; T. P. WESTMORELAND, for defendants.

WARNER, Chief Justice.

The plaintiffs brought an action against the defendant for the sum of $1,875 92, on an account stated for cross-ties furnished it.   It appears in the record that the defendant elected to submit the facts and the law of the case to the presiding Judge, by not filing an issuable plea under oath, whereupon the Court appointed an auditor to ascertain the facts and report the same to the Court, under the provisions of the 3082d section of the Code.   The parties appeared before the auditor and introduced evidence, without objection, so far as the record

shows. The defendant offered in evidence a written contract, signed by the parties, for the delivery of the cross-ties, containing the following stipulation : "The decision of the chief engineer of the company shall be final and conclusive in any dispute which may arise between the parties to this agreement relative to or touching the same, and each and every of said parties do hereby waive any rights of action, suit or suits, or any other remedy in law, or otherwise by virtue of said covenants, so that the decision of the chief engineer shall, in the nature of an award, be final and conclusive on the rights and claims of said parties." The chief engineer decided against the plaintiffs' claim. On the trial before the auditor, the evidence showed that the chief engineer had made a clear mistake in his award as to the number of cross-ties which the plaintiffs had delivered, and which had been received by defendant, and the auditor so reported. The evidence before the auditor also showed that the chief engineer was a stockholder in the defendant's company, and was, therefore, not a disinterested arbitrator, which fact was not known to the plaintiffs at the time of the execution of the contract, and so the auditor reported, and upon the evidence before him, also reported in favor of the plaintiffs' demand. The Court affirmed the report of the auditor, by its judgment, to which the defendant excepted.

There was no point made before this Court as to the facts, but the only point made here was as to the legal effect of the written contract not to resort to the Courts for redress, on the statement of facts disclosed in the record, the defendant insisting that the award of the chief engineer was conclusive as to the rights of the parties. The Constitution of this State declares that the right of the people to appeal to the Courts shall never be impaired. Ordinarily, this contract to abide the award of the chief engineer, as arbitrator, would be as binding on the parties as any other agreement of parties to abide the award of arbitrators, and no more. Whatever would be sufficient grounds to set aside an award in a Court of equity would be sufficient to set aside this award. If the award of the chief engineer was the result of mistake or fraud, or if he was an

interested party, his award may be attacked and set aside as well as any other award, and the plaintiffs had the clear constitutional right to resort to the Courts for that purpose, on the statement of facts contained in the record.

In this State, parties may obtain the same relief against an award in a Court of law as in a Court of equity. An award of a chief engineer of a railroad, which is the result of accident, fraud or mistake, or illegal for any other cause, is not so sacred and potent that it cannot be set aside by an appeal to the Courts. The agreement of the parties to abide the award of the chief engineer should be construed to mean that they would abide a legal award, and not an *illegal* award.

If the General Assembly could not pass a law impairing the right of parties to appeal to the Courts to get rid of an illegal award submitted to arbitrators by their agreement, the chief engineer of a railroad company cannot, by his award under this contract, impair the right of the plaintiffs to do so ; it would be contrary to the public policy of the State as declared in its fundamental law. There was no error in the judgment of the Court as to the law applicable to the uncontested facts found by the auditor, as the same appear in the record before us.

Let the judgment of the Court below be affirmed.