MAYOR AND COUNCIL OF THE CITY OF CUTHBERT, plaintiff in error, *vs.* JAMES M. BROOKS *et al.*, defendants in error.

1. This Court will presume that the Court below had good and sufficient grounds for the postponement of the hearing of the motion for the new trial as it did, in the absence of any showing to the contrary, and that the defendant's counsel was not in default in not filing the brief of the evidence within the fifteen days after its approval and order to file it by the Court.

2. This Court has no lawful power or authority to control the discretion of the Superior Courts in the legitimate exercise of their discretion in conducting the business before them, unless that discretion has been abused, or some law of the land violated.

3. Where the clerk and treasurer of the city of Cuthbert was elected for the year 1867, and gave bond for the faithful performance of his duties "for the present year," but at the expiration of said year held over during the next until he was suspended, no successor having been appointed, it was not error in the Court to charge, upon the trial of an action brought on said bond, that said treasurer and his securities were liable for all moneys that came into his hands, as such treasurer, until his successor was appointed.

4. Where the accounts which are the subject of a judicial investigation are complicated, the Court should appoint an auditor, to whom the matters in controversy should be referred.

New trial. Discretion. Bond. Municipal corporation. Auditor. Before Judge HARRELL. Randolph Superior Court. November Term, 1872.

The Mayor and Council of the city of Cuthbert brought complaint against James M. Brooks, as principal, and Zadock C. Hood *et al.*, securities, for the sum of $2,000 00, alleged to be due upon the following bond:

"GEORGIA—CITY OF CUTHBERT:

"Know all men by these presents, that we, J. M. Brooks, as principal, and Z. C. Hood, E. L. Douglass, Thomas Coleman and Jacob Mein, as securities, are held and bound unto the present City Council of said city, in the sum of $2,000 00, for which we bind our heirs and assigns, jointly and severally; to be void on condition that the said J. M. Brooks shall do

and perform all the duties of clerk and treasurer of said city for the present year, as the city law requires him, otherwise to remain in force.

" Witness our hands and seals, February 4th, 1867.
<br>(Signed)           " J. M. BROOKS,        [L. S.]
<br>" Z. C. HOOD,          [L. S.]
<br>" E. L. DOUGLASS,      [L. S.]
<br>" THOMAS COLEMAN,      [L. S.]
<br>" JACOB MEIN.          [L. S.]

"Approved :

" WILLIAM D. KIDDOO, Mayor,
<br>" WINFIELD SCOTT,
<br>" R. D. CHAPMAN,
<br>" L. A. SMITH."

A count was also added to the effect that said Brooks, as clerk and treasurer, during the year 1867, and up to the time his successor was installed in office, collected $4,000 00, for which he has never accounted.

The defendant, Brooks, pleaded the general issue. No plea was filed by the other defendants.

The following evidence was introduced :

William D. Kiddoo, sworn : Was elected Mayor the first of 1867, and held the office in 1867 and 1868 ; there was no election for Mayor and Council in 1868 ; they held over ; about the middle of January, 1868, Brooks, who was clerk and treasurer, made his annual report; witness and Mr. Winfield Scott were appointed to examine the report; the committee was satisfied the report was incorrect, and made out the statement attached to the declaration as an exhibit of charges and credits; that showed an indebtedness of $497 10 ; since then, he ascertained other items; Shaw's license was returned as $10 00, when it should have been $50 00; it appeared by his vouchers that he charged commissions on a greater amount of street exemptions than the committee charged him with ; the amount charged was $770 00, and the amount he charged commissions upon was larger; when the committee reported to Council,

Mayor and Council of the City of Cuthbert *vs.* Brooks *et al.*

Brooks was present; on the 25th January, 1868, Brooks was suspended from office and a time appointed for investigation; at that time many items charged in the exhibit were gone over with Brooks, and he was requested to make objections to any that were wrong, the books that have been put in evidence being present and examined, and he did not deny any of the items; admitted all the collections charged, except he did not collect $50 00 from Nick Geeslin for retail license; admitted he issued the license, but said the marshal was to pay him, but had not done so; the items charged for taxes, to-wit: $88 40, for 1866, appear by Brooks' books, kept by him, to have been collected during the first quarter of 1867; for taxes, to-wit: $134 34, for 1866, appear by same books were collected in second quarter, 1867; the amount of $18 23, of 1866 taxes, he admitted collected in 1867; the balance of $66 00 from 1866 was published in his report for first quarter in 1867; the paper is burnt; the taxes for 1867, as set forth in exhibit, appear on the tax books of 1867, marked paid, in Brooks' handwriting, except two items which he admitted, and one dollar of Samuel Clayton, which witness paid him. All the street exemptions or taxes appear on the book kept by him as paid; the fines all appear on the docket; some of the license appear to have been paid, and some do not; all of these he admitted, as before stated, were paid except the Geeslin license. In 1868, and between the time of his report and the committee's report, Brooks collected the sum of $565 00 for license of 1868, and when he was suspended, he paid that sum, which he had in a bundle to itself, to W. Scott, temporary treasurer; he also, at same time, paid the sum of $229 40, as appears in report; the items that appear upon Brooks' books as collected in 1868, in January, he cannot state when they were collected, but supposes at the dates as appear on his books.

Winfield Scott, sworn: Was elected Councilman for 1867; Mayor and Council held over for 1868 without re-election, in the early part of the year 1868; the Mayor and witness was appointed to examine the accounts of James M. Brooks, the clerk and treasurer, who was elected in 1867, and upon ex-

amination of Brooks' account, we found him indebted to the city in the sum of $497 10. When the report to this effect was submitted to the Council, together with the books, Brooks promised to pay the amount due.

The report of the committee was read, showing balance due the plaintiff of $497 10.

West Harris testified substantially as did Winfield Scott.

The bond sued on was read, and the plaintiff closed.

The defendant, Brooks, testified as follows: He was not indebted to the City Council of Cuthbert for 1867 upon a fair allowance of his vouchers and claims against said city; he has no recollection of admitting that he was owing said city in 1868, when the committee, Messrs. Kiddoo and Scott, made their report that he was indebted to said city in the sum of $497 10, but does deny that he owed the sum; he left a part of his vouchers with the Mayor and Council, but has never been able to get them until to-day; that William D. Kiddoo made his return quarterly, and that the return made on the 30th of September, 1867, was made out by Kiddoo. That brought him in debt up to that date $479 10. This return was lost during the trial. The Mayor and Council received his return, as appears from the minutes of said corporation, on October 1st, 1871. There were three fines on the list attached to the declaration which he did not get, to-wit: Thomas C. Byars, $10 00; Joe Winter, $10 00; Herbert Fielder, ......

William D. Kiddoo, recalled for the plaintiff, testified as follows: He did make out the return of Brooks, as appears on 31st of September, 1867, but did so, as he thinks, from another return which witness has in his hands in handwriting of Brooks, and supposes the one in witness' handwriting was an abstract of the other, made out for publication. He did not take charge and control of Brooks' books for 1867, nor did he examine into that return nor any other he ever made, except the one he made in January, 1868. Nor was he ever appointed on a committee for that purpose until that one.

The fine against Thomas C. Byars that Brooks testifies was

not paid to him, appears in his handwriting, to have been paid to him, together with three other fines against same party. As to the fines against Herbert Fielder, which Brooks testifies was never paid to him, Fielder never was fined to his knowledge. Has not examined the one against Winter sufficiently to state whether it was paid, but it was there when the list was made.

The jury, under the charge of the Court, found for the plaintiff $537 10, with interest from January 28th, 1868.

The remaining facts are fully reported in the decision.

A. HOOD, for plaintiff in error.

E. L. DOUGLASS; WORRILL & CHASTAIN, for defendants.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant and his securities on a bond given by him as clerk and treasurer of the city of Cuthbert. On the trial of the case, the jury found a verdict for the plaintiff for the sum of $537 10. A motion was made for a new trial on the several grounds stated therein, which was granted by the Court, and the plaintff excepted. The plaintiff also made a motion to dismiss the motion for a new trial when it came on to be heard, on the ground that time had been given for filing a brief of the evidence by the Court, and that the hearing of the motion had been postponed by the order of the Court from time to time, until November term, 1872, the case having been tried at the November term of the Court, 1871, and because the brief of the evidence was not filed within the time ordered by the Court after its approval of the same, though it was filed before the hearing of the motion. The Court overruled the motion to dismiss the rule for a new trial, and the plaintiff excepted.

1. This Court will presume that the Court below had good and sufficient grounds for the postponement of the hearing of the motion as it did, in the absence of any showing to the contrary, and that the defendant's counsel was not in default, in

not filing the brief of the evidence within the fifteen days after its approval and order to file it by the Court. The presiding Judge may not have returned it in time to have been filed within the fifteen days, and it is not apparent that the plaintiff was hurt in any manner by its not having been filed within that time.

2. There is a general disposition manifested by parties and counsel to *ignore* all discretion on the part of the Superior Courts and the Judges thereof, in conducting the business before them, and to consider this Court as a Court of original jurisdiction for that purpose; whereas, the Constitution and laws of the State have clothed the Superior Courts and the Judges thereof with original jurisdiction and discretion to hear and determine cases which may be brought before them as provided by law, and this Court has no lawful power or authority to control the exercise of the discretion of the Superior Courts or the Judges thereof, in the legitimate exercise of their discretion in conducting the business before them, unless that discretion has been abused, or some law of the land violated.

3. There was no error in the charge of the Court to the jury, in view of the facts contained in the record, that the defendant, Brooks, as treasurer, and his securities were liable for all moneys that came into his hands as such treasurer, until his successor was appointed according to law. In looking through the evidence in the record, we are not entirely satisfied that the verdict was right, and for that reason, we will not control the exercise of the discretion of the Court below in granting the new trial.

4. In our judgment, this is a case in which the Court below might properly exercise its discretion in the appointment of an auditor to investigate the treasurer's accounts with the city authorities, and report the result thereof to the Court, as provided by the Act of 13th December, 1871.

Let the judgment of the Court below be affirmed.