Stone, caveator, *vs*. Taylor, propounder.

[Warner, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

1. When a motion for a new trial is made in term, and by consent of parties an order is taken to perfect the brief of evidence, by a specified day, in vacation, and to hear the motion on that day at chambers, the judge sitting at chambers on and by successive adjournments, after the appointed day, has full possession of the matter, and with or without consent, may give such further time to complete the brief and prepare for the hearing as he deems proper in view of the cause shown. In 59 *Ga.*, 626, no motion for a new trial was made in term, and consequently enough was not done to comply with section 3719 of the Code. In 57 *Ga.*, 193, there was no action in vacation within the time designated by the consent order as entered on the minutes.

2. The charge of the court was pertinent, full and correct. There was no material omission; and no error in refusing the request to charge which was not given. And the verdict is supported by the evidence.

New trial. Before Judge CRAWFORD. Muscogee Superior Court. November Adjourned Term, 1878.

Report unnecessary.

PORTER INGRAM; THORNTON & GRIMES; JOHNSON & THORNTON, for plaintiff in error.

B. H. CRAWFORD; SMITH & LITTLE, for defendant.

BLECKLEY, Justice.

1. On the point of practice the views of the court are set forth in the first head-note. The motion for a new trial was made in term, and it was by consent that the simultaneous filing of the brief of evidence was dispensed with. The order taken in term to hear the motion in vacation, put the judge in full possession of the case at the time appointed, and continuances from time to time were had, so that there was no gap or break. It was as if the first day had been lengthened, or all the sittings had taken place at different hours of the same day. Looking at the judge as a court *pro hac vice*, he could, for sufficient cause, grant further time to perfect and file the brief of evidence. He had exactly the same power in that respect as if he had been sitting in term ; and so had he in respect to adjourning over from one day to another. When a court is once on foot in a regular, legitimate way, it requires no consent of parties to run it. The law makes it self-supporting. The motion for a new trial did not perish on the judge's hands, but kept its vitality until he passed judgment refusing to grant it. To that judgment a writ of error lies ; and the motion here to dismiss the writ is consequently overruled.

2. We think, however, there is no good ground for reversal. The charge of the court was pertinent, full and correct. Nothing material was omitted. The request to charge was not denied erroneously. The evidence warranted the verdict.

Judgment affirmed.