Action of trespass.  Before Judge MacDonell.  City court of Savannah.  May term, 1894.

Lester & Ravenel and Gignilliat & Stubbs, for plaintiff in error.  E. S. Elliott and W. L. Clay, *contra*.

---

## WILLIAMS *v*. THE STATE.

Simmons, J.—The motion for a new trial having, by an order passed at the term when the case was tried, been set for a hearing on a day named in vacation, the order providing that the movant should have until that day to make out and file a brief of the evidence, and the hearing having then been continued until the next term of the superior court by an order which preserved until the hearing at that term the movant's right to file and have approved a brief of the evidence, and the brief having been filed before that term, it was error to then refuse to approve it and to dismiss the motion on the ground that no brief of evidence had been filed within thirty days from the adjournment of the court at which the verdict was found. *Brunswick etc. Co.* v. *Gale*, 91 *Ga.* 813, 819; *Adamson* v. *Melson*, 94 *Ga.* 725.                    *Judgment reversed.*

October 8, 1894.

Motion for new trial.  Before Judge Janes.  Douglas superior court.  May term, 1894.

W. A. James, for plaintiff in error.

A. Richardson, solicitor-general, *contra*.

---

## HINSON *v*. GUCKENHEIMER.

Bleckley, C. J.—Though it be in the power of the trial judge, in the exercise of his discretion, to approve a brief of evidence after the term and after the time fixed by order for filing it has expired, yet he will not be reversed for refusing to approve it where the brief has not been presented to him for approval until after the expiration of such time and more than twelve months in addition.                    *Judgment affirmed.*

October 22, 1894.

Motion for new trial.  Before Judge Sweat.  Appling superior court.  March term, 1894.