BATES *v.* BRITISH AMERICA ASSURANCE CO.

1. Where an order was passed in term fixing a day during the next term for the hearing of a motion for a new trial and granting the movant until that day to file a brief of the evidence, it was competent and lawful for the trial judge, in his discretion, to pass, on that day, another order granting the movant still further time to file such brief.
2. The verdict being for an amount which was not, in any view of the evidence, warranted, even if the plaintiff was entitled to recover at all, and the trial judge having committed errors at the hearing, it was right to grant a second new trial.

Argued January 16,—Decided February 22, 1897.

Action on insurance policy.   Before Judge Reid.   City court of Atlanta.   July term, 1896.

*R. J. Jordan,* for plaintiff.

*King & Anderson* and *Arnold & Arnold,* for defendant.

FISH, Justice.

Mrs. Bates sued the insurance company upon a policy of fire insurance for five hundred dollars, alleging that the property insured had been destroyed by fire and that it was of the value of seven hundred and fifty dollars. The defendant admitted the execution of the policy sued on, the loss of the building insured, and liability under the terms of the policy for the value of the building; but contended that, under a written agreement between the parties, there had been an appraisement and award fixing the amount of the plaintiff's loss, and that the defendant had paid to the plaintiff the full amount of such award. The defendant assumed the burden of showing that the loss had been adjusted and paid under the terms of the policy, and that appraisement had been had with the plaintiff's consent, and payment made to the plaintiff's agent and accepted as such. The defendant introduced

evidence to show that, by virtue of an agreement in writing
between the parties, there had been an appraisement and
award, fixing the amount of the loss sustained by the plain-
tiff, and that it had paid the amount of this award to certain
attorneys at law, who represented the plaintiff, in full settle-
ment of its liability for said loss.   The plaintiff introduced
evidence to show that the amount of the loss which she had
sustained was greatly in excess of the amount found by the·
appraiser, and that the attorneys at law who made the set-
tlement with the insurance company had no authority to·
represent her in this matter.   The award of the appraiser,
which was introduced in evidence by the defendant, found
the amount of the loss to be $141.44.   The jury found a ver--
dict in favor of the plaintiff for $225.00.   The defendant.
moved for a new trial, upon the grounds that the verdict
was contrary to evidence; was without evidence to support.
it; was strongly and decidedly against the weight of the
evidence; and because of certain alleged errors committed
by the court, in charging the jury and in refusing to give·
in charge of certain requests of the defendant.   The court
granted a new trial, which is the second grant of a new trial
in the case; and the plaintiff excepted.   The only attack
made by the plaintiff on the award of the appraiser was·
based on the testimony of a witness named Parker, as to the
cost of rebuilding the house, and the fact that the appraiser·
had failed to include in his estimate the cost of the chim--
ney, pillars and certain sills, which he testified were still in--
tact and could be used in rebuilding.   Parker testified, that
he was a carpenter and contractor and had been for twenty-
five or thirty years; that he was acquainted with the house·
that was burned, and had made an estimate of the cost of re-
building it; that he had agreed to put the house back for·
$375 or $385; that to put it back as good as° it was before·
that was as cheap as it could be done.   On cross-examina-
tion he testified, that a house as old as that one was was not
worth as much as a new house; that all the sills were not·

burned up, but they had been scorched; that all the brick
pillars were there intact, and the chimney was there also;
that in his charge, or estimate, for rebuilding the house, his
profit was included which was generally from ten to twenty
per cent.; that his figures did not represent what was or was
not in the old house; that he made an allowance for sills in
his estimate, because those that were there could not be
used; that the fire left the brick of the chimney softened and
the chimney would have to be torn down, and the pillars
were about the same way; that it would not be necessary to
build new pillars if the pillars were not hurt, and that fre-
quently a great many of them are not hurt. It appeared
from the evidence that this witness, on the former trial of
the case, had testified that he had made an estimate of the
cost of putting the house back, and that it would be $285;
and upon being asked to state whether or not it could be put
back for less, he had answered it could, but it would be
owing to the workmanship; and then, upon being asked how
much less, he had answered, "I suppose $250 or $260; I
figure on the house the way it was built before"; and that
he had testified that, in his then estimate, he had included
twenty-five or thirty per cent. profit, which was the usual
profit. On the last trial he testified, that he had made a mis-
take when he made the estimate upon which his testimony
in the first trial was based, in thinking that the house was
16 by 32 feet, and subsequently ascertained that it was 18
by 32, but to let it go in at the same, as there was only two
feet difference. Larned, the appraiser, who was introduced
as a witness by the defendant, testified, that he was a builder
and contractor and had been for forty years; that the esti-
mate of the amount of the loss as made by him was a fair
and just estimate; that he was ready to put the building
back, like it was before the fire, at those figures; that if he
did not provide for sills or pillars it was because they were
all right; that the materials which his bill of particulars,
which was attached to his estimate, failed to show, were

there; that those materials which were not destroyed by the fire may not have been in the best condition, because the building itself was old, from appearances a good many years old; that the house was not completely consumed; that the chimney was left standing, and if the house was put back, the same chimney could be used; and that the house could be put back for the amount of his estimate. He testified that the house was not completely consumed; and Parker testified that a portion of the building was standing after the fire, that a part of the sills were there and a part of one end.

1. There is a question of practice made in this case, which we will first discuss. On the 21st of February, 1896, during the term of the court at which the case was tried, the defendant filed its motion for a new trial, and at the same time took an order setting the hearing for March 7th, 1896, which was during the next term of the court, and allowing the defendant until that time in which to perfect and file a brief of the evidence; upon which date the court granted another order allowing the defendant until the hearing of the motion to perfect and file its brief of evidence. The motion was heard on June the 13th, 1896, during the May term of the court, and a brief of the evidence was filed and approved at said hearing. At the hearing the plaintiff moved to dismiss the motion for a new trial, upon the ground that the court had no authority to extend the time allowed for filing the brief of evidence beyond the 7th of March, the time fixed in the original order; which motion was overruled by the court, whereupon the plaintiff excepted. It is well settled by the decisions of this court, that where a motion for a new trial is made as provided by law, it is within the discretion of the trial judge to pass, during the term at which the case was tried, an order setting the hearing of said motion for a subsequent date either in term time or in vacation, and allowing the movant until the hearing within which to perfect and file a brief of the evidence in the case; and that at the time set for the hearing the court

may, in its discretion, extend the time for the hearing until a still later date, and at the same time grant the movant until that time in which to perfect and file his brief of evidence. *Central Railroad Co.* v. *Curtis,* 87 *Ga.* 416; *Brunswick Light Co.* v. *Gale,* 91 *Ga.* 813; *Williams* v. *State,* 95 *Ga.* 567; *Dillard* v. *Rickerson,* 96 *Ga.* 818.

2. It appears from the evidence, that after the destruction by fire of the property insured, the plaintiff and the defendant entered into a written agreement which stipulated that one S. Larned should appraise and estimate, at the true cash value, the amount of the loss or damage by fire to the plaintiff, which appraisement and estimate by him in writing, as to the amount of such loss or damage, should be binding on both parties; that the said appraiser, after having taken an oath to faithfully discharge the duties thus imposed upon him, made an appraisement and an estimate in which he found and reported that the amount of the loss or damage sustained by the plaintiff was $141.44. By the terms of this agreement, which are clear and precise, it is evident that the intention of the parties thereto was that the amount of the loss as found and reported in writing by the appraiser named therein should be conclusive. This agreement to abide the award of the appraiser is as binding on the parties as any other agreement to abide the award of arbitrators, and whatever would be sufficient grounds to set aside an award in a court of equity would be sufficient to set aside this award. *Atlanta & Richmond Co.* v. *Mangham,* 49 *Ga.* 267. It requires strong proof of fraud, accident, mistake, or any fact which would make the award illegal, to justify a jury in setting aside an award. *Overby* v. *Thrasher,* 47 *Ga.* 23. Neither error of judgment on the part of arbitrators will justify the setting aside of an award, nor mistake of fact, unless gross and palpable. *Anderson* v. *Taylor,* 41 *Ga.* 10; *Overby* v. *Thrasher,* supra. An award should not be disturbed but for strong reasons which are plainly shown to exist. *Tomlinson* v. *Hardwick,* 41 *Ga.*

547; 47 *Ga.* 22. The mere weight of testimony is not ·sufficient for the jury to infer mistake and set aside the award. *Hardin* v. *Almand*, 64 *Ga.* 594. The evidence ·submitted by the plaintiff fails to satisfactorily show that the .award made by the appraiser was the result of either fraud, accident, or mistake, or that it was otherwise illegal. Con·sequently the verdict of the jury, which was for a sum con·siderably in excess of the amount found by said award, was not, in any view of the evidence, warranted, even if the plaintiff was entitled to recover at all. This being true, and the trial judge having committed errors at the hearing, it ·was right for him to grant a second new trial. As to whether or not there has been a settlement of the case between the insurance company and the plaintiff, acting through her duly .authorized agent and her attorneys at law, or whether there was a settlement of the matter with the defendant company ·by those who undertook to represent her and she afterwards ·ratified the same, are questions peculiarly for the considera·tion of a jury, under the charge of the court; and as a new ·trial is to be had, we do not deem it necessary or proper to ·express any opinion upon this branch of the case.

*Judgment affirmed. All the Justices concurring.*