## HIGHTOWER *et al.* v. BRAZEAL *et al.*

1. Under an order passed in term, setting a motion for a new trial for a hearing on a day named in vacation, "or such other time as the court may hereafter fix," and directing that the motion "be heard at chambers

and that movants have until the hearing to make out and perfect their brief of evidence and file the same without prejudice, and that at the said hearing all things may be done to all intents and purposes as if the said case was heard and determined at and during the present term of the court," the movants had until the hearing actually took place the right to present a brief of evidence and have the same approved and filed.

2. Accordingly there was no error at the next term in approving and allowing to be filed a brief of evidence then presented, nor in passing another order setting the motion for a hearing upon a subsequent day in vacation.

3. This being the first grant of a new trial, the case falls within the general rule which has been so repeatedly announced by this court.

Argued April 16, — Decided June 10, 1897.

Motion for new trial. Before Judge Hart. Laurens superior court. January term, 1896.

*J. M. Stubbs, Roberts & Burch, Harrison & Peeples* and *Anderson, Felder & Davis*, for plaintiffs in error.

*J. H. Martin, G. W. Jordan* and *A. C. Pate*, contra.

FISH, J. The headnotes sufficiently state the law governing this case. See *Williams* v. *State*, 95 *Ga.* 567, and cases there cited. Also Civil Code, § 5585.

*Judgment affirmed. All the Justices concurring.*