# GOULD v. JOHNSTON & COMPANY.

123   765
f129  267
f130    55
f130  572

1. The provision of the Civil Code, § 4324, that ten days notice of the time and place of the hearing of a motion for a new trial shall be given to parties at interest, applies only in a case where the trial judge, upon the application of one of them, in vacation fixes a time and place for the hearing during vacation.

2. No specific time is prescribed by statute within which the respondent shall be served with a copy of the rule nisi issued upon an application for a new trial, made in term under the provisions of the Civil Code, § 5484; and where service has been perfected in ample time to enable counsel for the respondent to prepare for the hearing of the motion on the day fixed by the order of the court, and it does not limit the time within which service shall

be made, the motion is not subject to dismissal on the ground that respondent was not served with a copy of the rule nisi within ten days after it was granted.

3. Under an order passed in term, fixing a day in vacation for the hearing of a motion for a new trial, and granting leave to the movant "to amend his motion and until the said day, and on said day, to amend and to perfect his brief of evidence in the case," it is the right of the movant, on the day set for the hearing, to present for approval a brief of the evidence and to file the same after it has been perfected and approved by the court.

Submitted June 29, — Decided August 4, 1905.

Motion for new trial. Before Judge Hodges. City court of Macon. November 26, 1904.

*J. W. Preston Sr.*, for plaintiff in error.

*Arthur L. Dasher*, contra.

Evans, J. This case was tried at the September term, 1904, of the city court of Macon, and resulted in a verdict in favor of the plaintiff. The defendant Gould made a motion for a new trial, which, by an order passed by the court at that term, was set for a hearing in vacation. On the day appointed, counsel for the movant announced to the court that he had prepared a brief of the evidence, which he desired to submit for approval. Counsel for the plaintiff stated to the court that he wished to interpose a motion to dismiss the motion for a new trial. Argument on this motion to dismiss was had, and the court passed an order sustaining the same. To this judgment exception is taken.

1. One of the grounds of the motion to dismiss was that no notice of the hearing, as contemplated by the Civil Code, § 4324, had been given to the respondent. The ten days notice in writing provided for in that section applies only to cases where no order is passed in term fixing the time in vacation for the hearing of a motion for a new trial.

2. Another ground of the motion to dismiss was that no copy of the rule nisi had ever been served upon the respondent. No evidence in support of this ground of the motion was offered. Indorsed upon the motion for a new trial is an acknowledgment of service purporting to have been signed by "Arthur L. Dasher, Atty. for Plaintiff." It follows the rule nisi, and appears to have been written originally in these words: "Due and legal service of the within motion and amended motion for new trial is hereby acknowledged, and copy and further service waived. Novem-

ber 23rd, 1904." Through the introductory words, "Due and legal," and also through the word "waived," a line is drawn, presumably with a view to striking these words. The result is to offend good English, but enough was preserved to show an acknowledgment of service of both the original motion for a new trial and the amendment thereto. Nothing to the contrary appearing, it is to be presumed that the service which the plaintiff's attorney acknowledged had been made upon him was such as the law directs; it is but fair to take him at his word that service of the motion for a new trial had been perfected. The Civil Code, § 5475, provides that "In all applications for a new trial the opposite party shall be served with a copy of the rule nisi, unless such copy is waived." The plaintiff's attorney evidently intended to waive nothing; but he was not entitled to a copy of either the original or the amended motion for a new trial, and if (as he acknowledged in writing was true) service thereof was made upon him, no further service was essential and there was no occasion for waiving anything. What he evidently wished to make apparent was, that whereas the rule nisi was granted on October 5, 1904, service was not perfected until the date of his acknowledgment of service, November 23, 1904, and he did not wish to commit himself to the proposition that the service was timely, and therefore "due and legal," or be understood as waiving his right to insist that service came too late. Counsel was mistaken in' thinking that under the Civil Code, § 4324, his client was entitled to at least ten days notice in writing of the time and place of the hearing; for, as has already been stated, that section provides simply for cases where no order is passed in term for hearing a motion for a new trial in vacation, and where the trial judge, upon application of one of the parties, in vacation fixes a time and place for the hearing during vacation. Section 5487, providing for twenty days notice to the respondent when an application for a new trial is made after the adjournment of the court, relates only to what are known as "extraordinary" motions for a new trial. Section 5475, which refers to ordinary motions filed in accordance with the requirements of section 5484, and which provides for service of the rule nisi upon the respondent, does not fix any specified time within which such service shall be perfected. Service within a reasonable time is contemplated, and

if made in ample time before the hearing to afford the respondent a reasonable opportunity to get ready to meet the motion, the demands of the statute will be satisfied. It is good practice, however, for the judge to provide in his order within what time the movant shall perfect service upon the respondent, to the end that both parties may be ready on the day fixed for the hearing. When this is not done, and service is not made prior to the hearing, the motion for a new trial is subject to dismissal. *Smedley* v. *Williams*, 112 *Ga.* 114. In the present case the attorney for the respondent acknowledged service three days before the hearing, which had been set for November 26th. This apparently gave him ample time within which to prepare to resist the granting of the motion, and the record contains no suggestion to the contrary, nor did he insist upon the hearing that the time was too short. The case is therefore controlled by the decision of this court in *Martin* v. *Monroe*, 107 *Ga.* 830, in which case the respondent moved to dismiss the motion for a new trial, "because the acknowledgment of service was over ten days after the granting of the rule nisi and after the adjournment of the term." Dealing with this point, the court held that there was no merit in the complaint that the trial judge overruled the motion to dismiss, "the service having been actually made in ample time before the hearing, and there being no order limiting the time within which service should be made." The order passed in the present case made no provision whatever for service upon the respondent.

3. In this order November 26, 1904, was fixed as the date of the hearing, and leave was therein given the movant "to amend his motion and until the said day, and on said day, to amend and to perfect his brief of evidence in the case." The respondent in its motion to dismiss the motion for a new trial presented the objection that no brief of the evidence had been filed, nor any attempt to do so made as contemplated by the Civil Code, § 5484. Unless the order of the court relieved the movant of the necessity of filing a brief of the evidence in accordance with the terms of that section, the motion for a new trial was ripe for dismissal. *West* v. *Smith*, 90 *Ga.* 284; *Cotton* v. *Slaughter*, 69 *Ga.* 735; *Brantley* v. *Hass*, Ib. 748; *Brunswick Light Co.* v. *Gale*, 91 *Ga.* 813; *Central R. Co.* v. *Pool*, 95 *Ga.* 410; *Williams* v. *Central*

R., 77 *Ga.* 612 ; *Baker* v. *Johnson*, 99 *Ga.* 374 ; *Hyatt* v. *Cowan*, 115 *Ga.* 608. Leave to prepare and file a brief of the evidence on or before the hearing must be unequivocally granted, else the movant can not justify an omission to follow the practice prescribed in the section of the code last cited ; and where the order relied on by him as authorizing a departure from this practice is ambiguous and was not intended by the trial judge to be understood as extending the time for filing a brief of the evidence, the movant is not in a position to excuse his failure to comply strictly with the terms of the statute. *Cohen* v. *Lester*, 103 *Ga.* 565 ; *Barnes* v. *Railroad Co.*, 105 *Ga.* 495 ; *Brown* v. *Richards*, 114 *Ga.* 318. But an order of court which prescribes other terms respecting the preparation and presentation for approval of a brief of evidence is to be given a reasonable construction, and be understood as not contemplating that the movant should file a brief of evidence during the term at which the trial was had. *R. & D. R. Co.* v. *Buice*, 88 *Ga.* 181 ; *Hightower* v. *Brazeal*, 101 *Ga.* 371 ; *Malsby* v. *Young*, 104 *Ga.* 204 ; *Johnson* v. *Grantham*, 110 *Ga.* 281 ; *Cross* v. *Coffin-Fletcher Packing Co.*, 123 *Ga.* 818. Thus, in *Hightower* v. *George*, 105 *Ga.* 549, it was held that: "Where in term time an order is passed directing that a motion for a new trial then pending be heard and determined at a day named in vacation, and time is given by the presiding judge until that date within which to perfect the brief of evidence and have the same approved, and where upon the day thus named a brief of evidence is presented to and approved by the judge, and he thereupon orders the same filed, a motion made at the hearing to dismiss the motion for a new trial, upon the ground that no brief of evidence has been filed as required by law, is properly overruled." This decision disposes of the objection, made in the present case, that a brief of the evidence had not been filed within the time prescribed by statute. The order was broad enough to include the privilege of filing the brief on the day set for the hearing ; a brief of the evidence had been prepared and a copy of it had been delivered to counsel for respondent, and counsel for the movant stated to the court that he "expected then and there to have the motion as amended approved, and also the brief of the evidence." The court erred in not permitting the movant to perfect his motion by filing an approved brief of the evidence, as it was his

right to do under tne terms of the order fixing the time and place of the hearing.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*