### 1158.  HUDSON *v.* WILLIAMS.

1. Where a statute specifies a time within which a public officer is to perform an official act regarding the rights of others, it is merely directory as to the time within which the act is to be done, unless, from the nature of the act or the phraseology of the statute, the designation of the time must be considered a limitation on the power of the officer.

2. That part of section 7 of the act of 1903, establishing the city court of Waynesboro, which relates to the time when a motion for a new trial must be filed by the defendant and passed upon by the judge of the court, is directory merely so far as it applies to the act of the judge.  It is mandatory as applied to the movant, unless further time for filing the motion for a new trial is, for good cause and in his discretion, given by the judge.

3. There is no merit in the other grounds of the motion to dismiss the motion for a new trial.

Motion for new trial, from city court of Waynesboro—Judge Johnston.  March 21, 1908.

Submitted July 2,—Decided November 25, 1908.

Mollie Williams brought suit to foreclose a laborer's lien against W. B. Hudson, in the city court of Waynesboro, and obtained a verdict against him in the sum of $125, and judgment was entered accordingly.  The defendant, during the term in which the case was tried, presented his motion for a new trial.  The court approved the grounds of the motion when it was presented, and, on

December 13, 1907, during the term in which it was presented and filed, passed an order reciting the making and filing of the motion,. and the approval of the grounds therein contained, and ordered that it be heard and determined on the 8th day of January, 1908,. in vacation, at Waynesboro, giving the movant the right to amend the motion and to prepare and present for approval a brief of the evidence in the case at any time before the final hearing, whenever the same might be, and providing that if for any reason the motjon was not heard and determined before the beginning of the next term of the court, it should stand on the docket until heard and determined- at said term or thereafter, and further providing that the judge might make his approval of the brief of evidence in term or vacation, and "if the hearing of the motion should be in ' vacation, and the brief of the evidence has not been filed in the clerk's office before the date of the hearing, said brief of evidence may be filed in the clerk's office at any time within ten days after the motion is heard and determined."

The motion was not heard on the original date fixed for the hearing, to wit, January 8, 1908, and no further action was taken thereon by the judge until February 15, 1908. On this latter date,. the attorneys for both parties agreed to continue the hearing on the motion until February 19, 1908, and consented to the following order: "Motion for new trial in the above-stated case having been, by agreement of counsel, assigned for hearing on the 15th day of February, 1908, with the rights of all parties preserved, by con-- sent of counsel for both the plaintiff and defendant, which is approved by the court, it is hereby ordered, considered and adjudged that said motion for new trial be and the same is hereby continued until the 19th day of February, 1908, with all the rights of the parties preserved." On the last-mentioned date, an agreed brief of the evidence was presented to the court for approval, and the motion was sounded for a hearing; and the plaintiff moved to dismiss the motion, "1st. Because, under the acts establishing the city court of Waynesboro (Acts of 1903, p. 176), the judge of said court has no jurisdiction to hear such a motion after the expiration of ten days from the making of the same, unless the judge, for good cause, shall, by order, grant further time, and because no such order was made in this case. 2d. Because, under the provisions of the city-court act, the judge of said court had no juris-

diction on the date of the making of the original motion for new trial in said case, to wit, on December 13, 1907, to pass the order attached to said motion, assigning the same to be heard on the 8th day of January, 1908, being more than ten days from the making of said motion. No order is necessary under the statute to authorize the court to hear such motion within the ten days in which the statute requires it to be heard, and if not heard within the time, it can not be heard afterwards without an order granting further time for good cause. That said order of December 13, 1907, was granted without the knowledge or consent of plaintiff or her attorney, and without any good cause. 3d. Because, under the provisions of said city-court act, the judge of said court had no authority at all, at any time, to provide by the order of December 13, 1907, attached to said motion, that in the event said motion was not heard on January 8, 1908, the same might be heard and determined 'in vacation, as counsel may agree,' and upon failure to agree, 'then at such time and place as the presiding judge may fix,' etc., and 'if not heard and determined before the beginning of the next term, then the same shall stand on the docket until heard at that term or thereafter.' 4th. Because said motion was not heard on January 8, 1908, and no order was then taken granting further time. 5th. Because no brief of evidence was filed or approved by the court during the term at which the case was tried, nor within ten days thereafter, nor on January 8, 1908, and none has yet been filed or approved, and the court has no authority to approve one now."

The court refused to approve the brief of evidence presented for approval on February 19, 1908, because of the motion to dismiss, and, on March 21, 1908, passed the following order: "It is ordered and adjudged by the court that said motion to dismiss be sustained, and said motion for new trial is hereby dismissed." The defendant excepted to the judgment of dismissal, and makes the following specific assignments of error: "(a) That said court erred in dismissing the motion for new trial and refusing to approve the brief of evidence tendered at the hearing, under the various orders and consent of counsel as above set forth. (b) That the original order passed by the court on the 13th of December, 1907, was sufficient in law, and authorized the court to hear and determine said motion according to the terms of said order. (c)

That if the court committed error in the original order designating the date of the hearing of said motion, said order was not void, and, if erroneous, should have been taken advantage of by exceptions. The order was signed by the court as presented by counsel for movant, without his attention being called to date fixed in the order."

*Lawson & Scales,* for plaintiff in error.

*C. B. Garlick, Brinson & Davis,* contra.

HILL, C. J. (After stating the foregoing facts.)

1. The only material question to be decided is as to the validity of the original order granted on the motion for a new trial during the term at which the case was tried, dated December 13, 1907. It is insisted that this order was invalid, because it does not comply with the provisions of the act creating the city court of Waynesboro, relating to motions for new trials. This act provides that, "whenever a case is heard at either a regular or special session of said court and defendant desires to move for a new trial, such motion must be made within two days after the adjournment of the session and passed upon by the judge of the city court within ten days after the motion is filed, and not afterwards, unless for good cause further time may, by order, be granted in the discretion of the judge of the city court." Acts 1903, p. 176, section 7. The phraseology of this act is peculiar and somewhat involved. The provision quoted applies, by its terms, only where "*defendant* desires to move for a new trial." A plaintiff who loses in the trial court and desires to move for a new trial must do so under the general law on the subject. The words of positive prohibition used in the statute have reference to the act of the movant. He must make the motion for a new trial "within two days after the adjournment of the session . . , and not afterwards, unless for good cause further time may, by order, be granted in the discretion of the judge." The statute is mandatory, as applicable to the movant, and he must file his motion within the prescribed two days after the adjournment of the session, unless, in the discretion of the court, further time be allowed him for that purpose. We do not think these words of absolute prohibition apply to the judicial act of the judge. The language of the act which requires the judge to pass upon the motion for new trial "within ten days after the motion is filed" is directory, and not imperative. It

would be a great injustice to hold that, notwithstanding the movant had fully complied with the act, in making and filing his motion, he should nevertheless be deprived of his right by the failure of the judge to perform his duty in passing upon the motion within the ten days. Suppose the judge does not pass upon the motion within the ten days, what then? Shall the movant be put to the expense of compelling him by mandamus to do so, or would the failure of the judge to discharge the duty required of him be cause for impeachment? Either remedy would be inadequate, so far as the movant is concerned. The statute relating to the duty of the judge, construed with reference to the rights of the parties, must be directory, to avoid serious and remediless injustice.

The principle is well settled that when a statute specifies a time within which a public officer is to perform an official act regarding the rights of others, it is merely directory as to the time within which the act is to be done, unless, from the nature of the act to be performed or from the phraseology of the statute, the designation of the time must be considered a limitation on the power of the officer. People v. Allen, 6 Wend. 486; Pond v. Negus, 3 Mass. 230 (3 Am. D. 131); Walker v. Chapman, 22 Ala. 116. Where the words of a statute relate to the manner in which power or jurisdiction vested in an officer is to be exercised, they must be construed to be directory. Nelms v. Vaughn, 84 Va. 696 (5 S. E. 704); State v. Connor, 86 Tex. 143 (23 S. W. 1103); People v. Cook, 8 N. Y. 87 (59 Am. D. 451); 3 Words and Phrases Judicially Defined, 2078. "Statutory prescriptions in regard to the time, form, and mode of proceeding by public functionaries are generally directory, as they are not of the essence of the thing to be done." 26 Am. & Eng. Enc. Law (2d ed.) 689; Justices v. House, 20 Ga. 328; Wise v. State, 34 Ga. 348; Central Bank v. Kendrick, Dudley, 66. This statute does not impose any penalty upon the judge for a non-compliance with its terms, nor does it declare that the proceedings for new trial shall be null and void unless passed upon within the ten days from the filing of the motion. We conclude, not only from the phraseology of the statute, but from authority, that that part of section 7 of the act of 1903 establishing the city court of Waynesboro, which requires a motion for a new trial to be passed upon by the judge within ten days from the filing of the motion, is directory, and a failure on the part of the judge to comply

with it would at most be an irregularity, and would not deprive the court of jurisdiction to subsequently pass upon the motion. We are satisfied with the correctness of the above opinion, but if the words of the statute, "unless for good cause further time may, by order, be granted in the discretion of the judge," should be held to apply to the judicial act of passing upon the motion, as well as to the act of the movant in filing the motion, then the time when the judge shall pass upon the motion is clearly left to his discretion, and, if he fixes the time for passing upon the motion beyond the prescribed ten days, he will be deemed to have had "good cause" for so doing. If a public officer has any discretion at all in connection with the time when he is to perform a public act, the element of imperativeness is excluded.

2. There is no merit in the motion to dismiss because the motion was not heard on January 8, 1908, and no order was then taken granting further time. The order of December 13, 1907, provided that if the motion was not heard on January 8, 1908, it could be heard later, by consent of counsel, and the order of February 15, 1908, recited that it was assigned to that date by agreement of counsel, and on February 15 the court, by agreement of counsel, again postponed the hearing to February 19, 1908.

3. Nor do we think the motion to dismiss because there was no brief of the evidence filed and approved by the court during the term at which the case was tried, or within ten days thereafter, or on January 8, 1908, or since, is meritorious. The order of December 13, 1907, gave the movant until the final hearing to file an approved brief of the evidence. On February 19, an agreed brief of the evidence was presented to the judge, and he refused to approve it; because he declined to pass upon the motion, and dismissed it. Refusal of the judge to approve the brief when thus presented was no ground for dismissing the motion. The movant had, under the original order, until the final hearing of the motion, to present a brief of the evidence, and have the same approved and filed. The erroneous ruling of the judge in dismissing the motion made it unnecessary to approve the brief. Indeed, if the judge had no jurisdiction to hear the motion, he had no jurisdiction to approve the brief of evidence. Civil Code, §5484; *Gould* v. *Johnston,* 123 *Ga.* 768 (51 S. E. 608), and citations.

*Judgment reversed.*