## WOOD v. WOOD.

HOLDEN, J. . 1. Where, under the provisions of Civil Code, § 5484, an application for a new trial is duly made and a rule nisi issued thereon, and no time is fixed for the service thereof, and service on the respondent is perfected in ample time to enable his counsel to prepare for the hearing of the motion on the day fixed by the rule nisi, the motion is not subject to dismissal because such service was not made within thirty days from the date of the rendition of the verdict, notwithstanding the term of the court at which the verdict was rendered continued longer than thirty days. *Gould* v. *Johnston*, 123 *Ga.* 765 (51 S. E. 608).

2. Where, upon an application for a new trial duly made, an order was passed providing that the hearing of such motion be had on a specific day, "or so soon as it may be reached in its order on the motion docket, and that movant's counsel have until and during the hearing of its case to make out and prepare a brief of the evidence," the court had authority on or before the day of the hearing to approve and allow filed a brief of the evidence; and where such brief was approved and filed after the expiration of 30 days from the rendition of the verdict but before such hearing, the court properly overruled a motion to dismiss the motion for a new trial on the ground that the brief of evidence was not filed within thirty days from the date of the verdict, although the term of the court at which the verdict was rendered continued longer than thirty days. *Cross* v. *Coffin-Fletcher Packing Co.*, 123 *Ga.* 817 (51 S. E. 704) ; *Gould* v. *Johnson*, supra.

3. This was the first grant of a new trial, and under the facts appearing in the record, there was no abuse of discretion in granting a new trial.

*Judgment affirmed. All the Justices concur.*

Argued November 10, 1908.—Decided April 19, 1909.

Divorce. Before Judge Pendleton. Fulton superior court. January 6, 1908.

*Rosser & Brandon*, for plaintiff.

*C. P. Goree* and *J. S. James*, for defendant.