33074. Digsby *et al. v.* Johnson.

MacIntyre, P. J. Where, during the term at which a case is tried, a motion for a new trial is made, and under proper order set for hearing upon a named date in vacation, and the order grants the movant until the named date and the hearing within which to perfect and file the brief of evidence, the judge, sitting at chambers, upon the day appointed for the hearing, has full possession of the matter, and may adjourn the hearing until a subsequent date and give the movant until

that time to complete the motion and file the brief of evidence; and, at such adjourned hearing, the judge may again continue the case until a future date and give the movant until that time to complete the motion and file the brief, and may continue to pass such successive orders as in his discretion he thinks necessary. *Dorsey* v. *Central of Georgia Ry. Co.,* 113 *Ga.* 564 (38 S. E. 958); *Stone* v. *Taylor,* 63 *Ga.* 309; *Cotton* v. *Slaughter,* 69 *Ga.* 735; *Herz* v. *Frank,* 104 *Ga.* 638 (30 S. E. 797); *Bates* v. *British American Assurance Co.,* 100 *Ga.* 249 (28 S. E. 155), and cit. The granting or refusing of further time within which to perfect the motion and file the brief of evidence is a matter in the discretion of the judge (*Burroughs* v. *Bank of Ila,* 174 *Ga.* 35 (1), 161 S. E. 815); nor has this court any lawful power or authority to control the discretion of the trial courts in the legitimate exercise of their discretion in conducting the business before them, unless that discretion has been abused, or some law of the land violated. *Mayor &c. of Cuthbert* v. *Brooks,* 49 *Ga.* 179. Consequently, where upon a motion for a continuance of the hearing on the motion for a new trial, on the ground that the movants' "have been unable to get the brief of evidence prepared to date of hearing," the trial court enters an order thereon that, "since a brief of evidence has not been prepared to the time of this hearing, this court is unable to continue the case to allow further time to file brief of evidence and the . . motion [to continue] is therefore denied"—this court will presume that the court below had good and sufficient grounds for refusing the postponement of the hearing of the motion for a new trial as it did, and will not interfere with this exercise of discretion, in the absence of a showing of abuse; and there being no brief of evidence filed on the day appointed in the term order, the motion for a new trial was properly dismissed. *Bull & Son* v. *Armour Fertilizer Works,* 26 *Ga. App.* 151 (105 S. E. 616), and cit. The court did not err in refusing to postpone the hearing of the motion for a new trial to allow further time to perfect and file the brief of evidence, nor in dismissing the motion for a new trial.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*

Decided November 2, 1950.

N. T. *Anderson Jr.*, for plaintiffs.
R. B. *Lambert,* for defendant.