## MARTIN, executor, *v.* MONROE.

1. A term order having been passed, setting the hearing of a motion for a new trial upon a specified day in vacation, and allowing the movant until that day to file and have approved a brief of evidence, and the same having been duly approved, there was no error in continuing the hearing to a future day and allowing the movant "until that time to file said brief."
2. That the respondent to such a motion was not served with a copy thereof until after the lapse of more than a stated number of days from the granting of the rule nisi was not cause for dismissing the motion, the service having been actually made in ample time before the hearing, and there being no order limiting the time within which service should be made.
3. A written agreement made by the payee of a promissory note with the maker thereof, contemporaneously with the execution and delivery of the note to the former, and evidencing a part of the contract then entered into between the parties, stipulating that the maker "is not to be sued on said note, and it is entirely discretionary with him whether he ever pays said note or not," in effect relieves the maker from all liability upon the note as to the payee thereof or his legal representative.

Argued March 28, — Decided April 22, 1899.

Complaint.    Before Judge Spence.    Calhoun superior court. February 12, 1898.

*J. H. Guerry, Arthur Hood* and *Harrison & Bryan*, for plaintiff.    *J. J. Beck, L. G. Cartledge, Dorsey, Brewster & Howell* and *H. M. Dorsey*, for defendant.

Cobb, J.    Martin as executor of J. J. Monroe brought suit against L. D. Monroe on a promissory note of which the following is a copy: "By the first day of January next, I promise to pay James J. Monroe, or bearer, the sum of twelve hundred dollars for his interest in his father's estate.    Value received. This April 11, 1887.    [Signed] L. D. Monroe."    To this suit the defendant pleaded, that at the time of the execution of the note sued on the payee therein entered into an agreement in writing that defendant should never be sued on the note, and further released him, at his option, from the payment of the

same. Upon the trial the jury returned a verdict in favor of the plaintiff. The defendant made a motion for a new trial. Upon this motion the judge granted a rule nisi returnable in vacation "on Wednesday after the first Monday in February, 1898"; and it was directed therein that the plaintiff be served with a copy of the motion and rule. During the term at which the trial was had, and after the filing of the motion for a new trial, an order was passed that the "motion stand continued until Wednesday after first Monday in February, 1898, and that it be heard at chambers at Camilla, Ga., and that defendant have until said date to make and file a brief of the testimony without prejudice." On February 9, 1898, the day on which the motion was ordered to be heard, the defendant made a motion to dismiss the motion for a new trial, on the following grounds: (1) Because there is no legal and proper service of the motion; (2) because the acknowledgment of service was over ten days after the granting of the rule nisi and after the adjournment of the term at which the rule was granted; (3) because no brief of the evidence had, or has up to this date, been filed as provided by the order of court; (4) because there is no legal motion for new trial pending in the court; (5) because the court had no power or authority to pass an ex parte order continuing the motion and setting the same for a hearing on this day. The motion to dismiss was overruled. The brief of evidence presented by the movant was approved by the court, and an order was passed continuing the hearing until February 17, 1898, to allow the movant to file the brief of evidence. On February 17, the motion for a new trial came on for a hearing, and an order was passed setting aside the verdict and granting a new trial. The plaintiff excepted, assigning error on the refusal of the judge to dismiss the motion for a new trial, and on his judgment granting a new trial in the case.

1, 2. There was no error in overruling the motion to dismiss the motion for a new trial. It was filed and a rule nisi granted thereon in due time during the term at which the trial was had. The court during this term had authority to pass an ex parte order setting the hearing of the motion for a new trial at a stated time in vacation and allowing the movant until then

to prepare and file a brief of the evidence in the case. Under such an order, when the time for the hearing arrived, the case was completely under the control of the judge, and it was within his discretion either to enforce the order strictly or to postpone the hearing and allow further time to file the brief of evidence, if one properly prepared was presented for approval on that day. The record shows that the brief of evidence was approved on that day, and a postponement was had for the sole purpose of allowing the same to be filed in the clerk's office; the hearing being, under the order above referred to, in a county other than that in which the trial took place. There was certainly, under the facts of this case, no abuse of discretion in refusing to dismiss the motion for a new trial on the ground that the brief of evidence had not been filed, nor in postponing the hearing in order to allow the movant to file the same. *Bates* v. *Assurance Co.*, 100 *Ga.* 249; *Hightower* v. *Brazeal*, 101 *Ga.* 371; *Hightower* v. *George*, 102 *Ga.* 549. The rule nisi not directing service to be made during the term nor in any given number of days, and there being an acknowledgment of service obtained in ample time for the respondent to be present at the hearing of the motion, there was no error in refusing to dismiss the same on the ground that there had been no proper service.

3. This being the first grant of a new trial, the judgment of the court below would in any event be affirmed, as the record does not show that the law and facts required the verdict rendered. On the contrary an examination of the record discloses that a verdict for the plaintiff ought not to have been rendered, and the judgment granting a new trial was, therefore, the only proper judgment that could have been rendered on the motion for a new trial. It appears from the record that, contemporaneously with the execution of the note sued on, a paper of which the following is a copy was signed by James J. Monroe and delivered to the defendant: "This is to show that I, J. J. Monroe, have this day sold my interest in my father's estate to my brother L. D. Monroe, who is the executor on said estate, for the sum of twelve hundred dollars, with the distinct understanding that [he] is not to be sued on said note, and it is entirely discretionary with him whether he ever pays said note

or not." As between the parties and their legal representatives the contract entered into is contained in the paper just quoted and the note sued on, and the two papers must therefore be read together and be dealt with as if they really constituted but one instrument. Thus treating them, the liability to suit upon failure to pay, which would ordinarily result from a breach of such a promise as that contained in the note, is immediately avoided by the covenant in the other paper never to attempt to enforce the note by suit. Concurrently with the recognition of an indebtedness is the express stipulation that such indebtedness shall never be the foundation of a legal demand. An obligation never to sue is in law so utterly inconsistent with an obligation to pay, that when both are contained in one paper the latter is entirely destroyed by the former and no legal remedy can be invoked on the instrument. The two papers having been executed contemporaneously, and constituting but one transaction, it is unnecessary to inquire whether the agreement not to sue was based upon a consideration. If a covenant never to sue is relied upon as a release of a pre-existing obligation to pay, then such covenant would not be binding unless founded upon a sufficient consideration; but this is not true when the covenant never to sue comes into existence contemporaneously with the obligation to pay. The code declares that "a covenant never to sue is equivalent to a release." Civil Code, § 3714. The present case seems to be very similar to the case of *Marietta Savings Bank* v. *Janes*, 66 *Ga.* 286. In that case an administrator signed a note as such in renewal of a debt due by his intestate, and the payee in the note agreed that the note should "never in any way or manner prejudice" the maker individually. This promise was contained in a letter making request for the note, and the note was given with this understanding. It was held that the "agreement was in effect a covenant never to sue, and operated to release the maker as an individual, as against the payee or one who took the note after maturity." See also *Kendrick* v. *O'Neil*, 48 *Ga.* 631; 5 Lawson's Rights, Remedies & Practice, § 2577. The obligation undertaken by James J. Monroe being never to sue the defendant upon the note, the paper containing this obligation

was, in law, a release of any liability on the part of the defendant growing out of the signing of the note; and a verdict in favor of the plaintiff was contrary to law and was properly set aside.          *Judgment affirmed.    All the Justices concurring.*