## DORSEY v. CENTRAL OF GEORGIA RAILWAY CO.

1. Where during the term at which a case was tried a motion for a new trial was made, and under proper order set for a hearing in vacation, the order granting the movant until the hearing within which to perfect and have approved the motion and the brief of evidence, the judge, sitting at chambers, upon the day appointed for the hearing, had full possession of the matter and could adjourn the hearing until a subsequent date and give the movant until that time to complete the motion and the brief of evidence, and at such adjourned hearing

he could again continue the case until a future date and give the movant until that time within which to complete the motion and brief, and could at the time and place last fixed for the hearing, if the motion and brief were then completed, approve the same and pass upon the merits of the motion.

2. Upon the trial of an action brought by a woman against a railroad company for damages alleged to have been sustained by her, in consequence of having been carried beyond her destination and landed, at night, at or near a given town, where she, with no companion except her little child, was compelled to walk some distance in order to secure shelter and protection until the following morning, evidence that it was not the custom for ladies to walk about at that time of night without an escort, in that town, or that it would be rather imprudent for a lady to walk a given distance in that place "in the dark," with no companion except a little child, was inadmissible, it not appearing that either the plaintiff or defendant had any knowledge of these facts.

3. Where for the purpose of impeaching a witness a portion of an approved brief of his testimony upon a former trial of the case was offered, and an objection to its admissibility sustained, complaint of error in such ruling of the court presents no meritorious ground for a new trial, unless the motion itself discloses that the rejected evidence tended to impeach the witness as to material matters connected with his testimony on the trial under review.

4. There was no error in granting a second new trial, it appearing that errors were committed and it being inferable from the record that the trial judge was of the opinion that the verdict was, as alleged in the motion for a new trial, excessive, in which view this court concurs.

Argued April 10, — Decided May 23, 1901.

Action for damages. Before E. W. Hammond, judge pro hac vice. Henry superior court. January 15, 1901.

This case was formerly before the Supreme Court. 106 *Ga.* 826. At the last trial the plaintiff obtained a verdict for $1,000.

*L. R. Ray, W. T. Dicken*, and *G. W. Bryan*, for plaintiff.
*Hall & Boynton, W. C. Beeks*, and *R. L. Berner*, for defendant.

Fish, J. 1. There is no merit in the contention that the court erred in overruling the motion to dismiss the motion for a new trial. In *Stone* v. *Taylor*, 63 *Ga.* 309, it was held: "When a motion for a new trial is made in term, and by consent of parties an order is taken to perfect the brief of evidence by a specified day in vacation, and to hear the motion on that day at chambers, the judge sitting at chambers on and by successive adjournments, after the appointed day, has full possession of the matter, and, with or without consent, may give such further time to complete the brief and prepare for the hearing as he deems proper in view of the cause shown." That decision, which was rendered by two of the three Judges of which this court was then composed, is manifestly cor-

rect, and was followed by a full bench in *Brantley* v. *Hass*, 69 *Ga.* 748. The reasons upon which it is founded are so well and forcibly stated, in the opinion delivered by Bleckley, J., (63 *Ga.* 310) and are so clearly applicable to the facts of the case in hand, that we simply repeat them here, in his language: "The order taken in term, to hear the motion in vacation, put the judge in full possession of the case at the time appointed, and continuances from time to time were had, so that there was no gap or break. It was as if the first day had been lengthened, or all the sittings had taken place at different hours of the same day. Looking at the judge as a court pro hac vice, he could, for sufficient cause, grant further time to perfect and file the brief of evidence. He had exactly the same power in that respect as if he had been sitting in term; and so had he in respect to adjourning over from one day to another. When a court is once on foot in a regular, legitimate way, it requires no consent of parties to run it. The law makes it self-supporting. The motion for a new trial did not perish on the judge's hands, but kept its vitality until he passed judgment refusing to grant it." See also *Cotton* v. *Slaughter*, 69 *Ga.* 735. In *Herz* v. *Frank & Adler*, 104 *Ga.* 638, where the case of *Stone* v. *Taylor* is again cited, and the above language of Judge Bleckley, with the exception of a single sentence, is quoted, it was held: "An order passed in term, setting the hearing of a motion for a new trial in vacation, in effect keeps the term, relatively to that particular case, open until such motion shall have been decided." Cases are cited by the plaintiff in error in which this court has held that a lower court did not err in dismissing a motion for a new trial, upon the ground that the plaintiff in such motion had not completed the same, or perfected the brief of evidence, and filed the same, under the approval of the court, within the limitation of the order which allowed a specified period of time for this purpose. The decisions in such cases are not relevant to the point which we are considering. A court may dismiss a motion for a new trial because the movant therein has not perfected it within the time which the court allowed for this purpose and presents no sufficient excuse for his failure to do so; and a court may, before such time has expired, for reasons which it deems satisfactory, grant further time in which to complete the motion. In either case, it is a question of discretion rather than one of power. The court being as to this par-

ticular case open when each adjournment from one day to another was taken and when each order granting further time to the movant to perfect the motion for a new trial was passed, necessarily had the power, when the motion was finally perfected within the time limited by the last order of the court, to approve the brief of evidence and the grounds of the motion and thereupon to hear and pass upon the motion.

2. A witness named Henderson testified: " It is not the custom for ladies to walk about at that [nine or ten o'clock] time of night, without an escort, in Hampton." The defendant objected to this evidence upon various grounds, one of which was that it " was illegal, irrelevant, and incompetent." The objection was overruled by the court and the evidence admitted, and error was assigned in the motion for a new trial upon this ruling. The same witness testified: " I think it would be rather imprudent for a lady to be out alone at night, with only a child, in Hampton, walking that distance in the dark." This evidence was also objected to on the ground, among others, that " it was irrelevant, illegal, and incompetent," which objection was overruled. The plaintiff was suing for damages alleged to have been sustained by her in consequence of having been carried beyond her destination and landed, in the night, in or near the town of Hampton, where she was compelled to walk some distance, in the dark, in order to reach the residence of a friend, where she found shelter and protection until the following morning. A plaintiff in such a case, if it were otherwise made out, would be entitled to recover such damages as were the proximate result of the act of the defendant company in carrying her beyond her destination and landing her, at the time and under the circumstances that it did so, where she got off the train, and, in order to estimate these damages, the circumstances which environed her after she left the train and which were of such a nature as to produce inconvenience, hardships, or suffering on her part could be shown. But how the mere abstract fact that a particular custom in reference to ladies walking about in the town of Hampton at night, without an escort, was relevant to the issues on trial in this case we are unable to see. Nor can we see the relevancy of the witness's opinion that it would be rather imprudent for a lady, accompanied only by a child, to walk a given distance in that town after dark. There was no allegation in the petition

upon which to base the admissibility of the evidence as to the custom, or want. of custom, in the respect indicated, in the town of Hampton, or of testimony to show that it was imprudent for a lady to walk a few hundred yards in that town after dark, without any other companion than a child. Nor was there any evidence to show that either the plaintiff or the defendant knew that it was not customary for ladies to walk about in Hampton at night without an escort, or that it was imprudent for them to do so. It may be that if the plaintiff had known these things her mere knowledge of them might have somewhat distressed her, when she was compelled to walk a few hundred yards in Hampton, after dark, without an escort, but otherwise we do not see how she could have been in any way injuriously affected by them. If she did not know that it was not customary for ladies to walk about in Hampton after dark without an escort, or that it was deemed imprudent for them to do so, whatever alarm she may have felt during her walk from the point where she got off the train to the home of the friend where she spent the remainder of the night was neither occasioned, nor increased, by the existence of these facts. Whatever apprehensions of danger she might have had could not have been caused by matters of local custom or opinion of which she had no knowledge. The objection to the admissibility of this evidence should have been sustained.

3. The defendant, for the purpose of impeaching the plaintiff's witness Elbert Taylor, offered in evidence certain portions of his testimony upon a previous trial of the case, contained in an approved brief of the evidence had upon that trial, which was prepared and used in a motion for a new trial in the case. This evidence was objected to and excluded by the court, and error is assigned in the motion for a new trial upon this ruling. A precisely similar attempt was made to impeach William Taylor, another witness for the plaintiff, and, upon objection to the evidence offered, the court made a like ruling, and one of the grounds of the motion for a new trial is that the court erred in so doing. It can not be ascertained from the motion for a new trial, in either instance, whether the rejected evidence would or would not have tended to impeach the witness; for, while the testimony offered for the purpose of impeachment is set out in the motion, no portion of the testimony of the witness upon the trial under review is given, nor is there any-

thing contained in the motion which indicates wherein it is claimed that the testimony offered to impeach the witness conflicts with his testimony delivered upon the last trial. In order to ascertain whether the court was right or wrong in its ruling, this court would be compelled to look through the record and compare the testimony of the witness, as therein found, with the rejected evidence. If the testimony of the witness upon the last trial of the case materially conflicted with that portion of his testimony upon the former trial which was offered to impeach him, this fact should have been made to appear in the motion for a new trial. Wherein was it claimed that the conflict consisted? This can not be ascertained from the motion for a new trial, or from the bill of exceptions. We are left in the dark upon this point. The motion for a new trial should have shown this; and as it fails to do so, this court will not undertake to determine whether or not the trial court erred in rejecting the evidence offered for the purpose of impeachment.

4. There was no error in granting a second new trial, it appearing that errors were committed, and it being inferable from the record that the trial judge was of opinion that the verdict, as alleged in one of the grounds of the motion, was excessive, in which view this court concurs.

*Judgment affirmed. All the Justices concurring.*