## JEMISON *v.* POLK.

LUMPKIN, J. 1. After a verdict for the plaintiff, the defendant moved for a new trial. A rule nisi was issued, returnable on a day during the same term of the superior court, with a direction that the defendant (respondent) be served three days before the date of the hearing fixed. It was provided that the parties should have until the hearing to agree upon and file a brief of the evidence. Service was not made during that term, nor further action taken. The motion stood continued until a later term. A copy of the motion for a new trial and of the rule nisi was served by the sheriff upon the attorney for the respondent after the date named in the rule nisi. At a later date, when the motion came on to be heard, the respondent filed an answer thereto. It began in these words: "Now comes R. H. Jemison, the plaintiff in the above-stated case, by his attorney, Robert L. Rodgers, and responds to the motion for a new trial, and objects to a new trial being granted in this case, for several reasons." Robert L. Rodgers, Esq., was the attorney who represented the plaintiff in the action (respondent in the motion) throughout the litigation and at the time when the motion was heard. Among the reasons shown in this answer why a new trial should not be granted were, that the service of the rule nisi was not properly made according to the order of the court, and was made on the attorney instead of the

respondent; because there was no proper brief of evidence, several alleged defects in the brief being pointed out; and because the grounds of the motion were not duly approved, and it was too late at the hearing to approve them. The response then took up each of the grounds of the motion for a new trial, and set out reasons why it was contended that it should not be granted. It closed as follows: "Wherefore respondent prays that the motion be dismissed or overruled." No contention was made that the respondent and his attorney were taken by surprise when the motion was called for hearing during the term, or were not fully apprised in regard to the motion or to the hearing; nor was further time for preparation requested. Among the grounds of the motion were the general ones, that the verdict was contrary to evidence and to the principles of justice and equity, and was decidedly and strongly against the weight of the evidence; and others alleging error in certain rulings. The presiding judge approved the grounds and the brief of evidence, and granted a new trial. *Held*, that this was not error. See *Gauldin* v. *Crawford*, 30 *Ga.* 674 (5); *Martin* v. *Monroe*, 107 *Ga.* 330 (33 S. E. 62); *Gould* v. *Johnston & Company*, 123 *Ga.* 765 (51 S. E. 608); *Smedley* v. *Williams*, 112 *Ga.* 114 (37 S. E. 111); *Brown* v. *Richards*, 114 *Ga.* 318 (40 S. E. 224); *Pinnebad* v. *Pinnebad*, 129 *Ga.* 267 (58 S. E. 879); *Johnston* v. *Simmons*, 77 *Ga.* 298 (2 S. E. 469).

2. There was no abuse of discretion in granting a new trial.

　　　　　　*Judgment affirmed. All the Justices concur.*

　　　Argued November 22, 1907.—Decided February 1, 1908.

Complaint for land. Before Judge Pendleton. Fulton superior court. May 28, 1907.

*Robert L. Rodgers,* for plaintiff in error.

*Etheridge & Etheridge,* contra.