LOUISVILLE & NASHVILLE RAILROAD CO. *v.* NELSON; *et vice versa.*

ATKINSON, J. 1. In all applications for new trial it is provided that the opposite party shall be served with a copy of the rule nisi, unless such copy be waived. Civil Code, § 6080; *McMullen* v. *Citizens Bank*, 123 *Ga.* 400 (51 S. E. 342); *Smedley* v. *Williams*, 112 *Ga.* 114 (37 S. E. 111). But no time is specified in which such applications are to be heard or rules nisi are to be served. These are matters within the control of the judge in the exercise of a sound discretion.

2. It was not an abuse of discretion to refuse, on motion made at the hearing after both sides had announced ready, to dismiss an application for new trial because service of the rule nisi had not been made or acknowledged or waived, where it appeared that the failure to serve was due to the fact that when, after the application for new trial and rule nisi had been duly filed, the attorney for the applicant approached the attorney for the respondent to get him to acknowledge service, the former was told by the latter that he had seen the application in the office of the clerk of the court and had acknowledged service, and the former did not know, until the motion to dismiss was presented, that service had not been acknowledged, but, upon so learning, caused service to be perfected, and stood ready to proceed with the trial; and that the respondent was not rendered less ready for trial. There was a conflict of evidence; but the judge as trior was authorized to find the facts as just indicated.

3. The petition set forth a cause of action, and was not subject to the special demurrers upon the overruling of which error was assigned.

4. The judge charged the jury: "If you should believe from the evidence

that his own acts were the cause of the injury, and that he did what he did—that is, put the scantling under the wheels of the car, and that this caused the cross-ties to fall and injure him, and he did this in obedience to the command of a superior officer whom it was his duty to obey, and in that way got hurt, then I charge you that the defendant company would be liable for his injuries, unless you should believe from the evidence that he did that in an unsafe way when there was a safe way for him to do it, or you should believe that the doing of the act which he was commanded to do was then and there obviously a dangerous act." *Held*, that this charge was erroneous. It amounted to instructing the jury that certain facts would constitute negligence on the part of the defendant, authorizing a recovery by the plaintiff, unless such recovery would be prevented by his own conduct. Whether the facts stated constituted negligence on the part of the defendant, authorizing a recovery by the plaintiff, should have been left to the jury as a question of fact. *Atlanta & West Point R. Co.* v. *Hudson*, 123 *Ga.* 108 (51 S. E. 29).

5. Other grounds of the motion for new trial are of such character as not to require elaboration, and show no error requiring a new trial.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*

APRIL 13, 1916.

Action for damages. Before Judge Patterson. Cobb superior court. June 3, 1915.

*Tye, Peeples & Jordan, D. W. Blair,* and *John H. Boston,* for the railroad company.

*N. A. Morris, G. D. Anderson,* and *John T. Dorsey,* contra.