UNITED STATES FIDELITY AND GUARANTY COMPANY OF BALTIMORE *v.* FIRST NATIONAL BANK OF CORNELIA.

GILBERT, J. 1. A consent order was passed in term time, submitting all issues of law and fact in the case to the judge of the court, to be tried in vacation without the intervention of a jury. The order provided that "the court shall remain open for ten days after the rendition of judgment to entertain the filing of a motion for new trial by either side." Judgment was rendered on July 13, 1918. A motion for new trial was presented to the judge, and a rule nisi issued on July 18, setting the hearing for September 7. On the last-named date the respondent orally moved to dismiss the motion for a new trial, on the ground that it had never been filed, as required by law, in the office of the clerk of the superior court. The court held the motion to dismiss under advisement until September 21, at which time a written motion to dismiss based on the same ground was presented. The motion for a new trial was then dismissed. The motion for a new trial was filed with the clerk on September 14, more than sixty days after the rendition of the judgment. The movant excepted. *Held:*

(a) It is essential to the validity of a motion for new trial that it should be filed with the clerk of the trial court within the time prescribed by law; and a motion which has not been so filed should be dismissed, notwithstanding the judge before whom the case is tried may have granted a rule nisi within the time provided in the consent order. Until the motion is filed it is a mere private paper. *Hilt* v. *Young*, 116 *Ga.* 708, 712 (43 S. E. 76).

(b) The consent order provided that the court should remain open for ten days after rendition of the judgment, to entertain the filing of a motion for a new trial. Presentation of such a motion to the court and the issuing of rule nisi thereon is not equivalent to filing the motion. When the movant failed to file the motion in the office of the clerk of the superior court where the case was tried within the ten days provided in the consent order, the court was powerless to treat it as a valid motion, and properly dismissed it on motion.

2. On September 18, 1918, in vacation, the defendant filed a motion to "vacate, arrest, and set aside the judgment rendered in said case on July 13th," on numerous grounds, which motion was on September 21st overruled. *Held:*

(a) A motion in arrest of judgment must be made during the term at which the judgment was obtained. The consent order contained no provision for continuing the term as to this case for the purpose of allowing either party to file a motion in arrest of judgment. Whether this be construed as a motion in arrest of judgment or a motion to set aside a judgment, the court could not entertain it in vacation, for want of jurisdiction. Civil Code, § 5958; *Haskens* v. *State*, 114 *Ga.* 837 (40 S. E. 997); *Chapman* v. *State*, 116 *Ga.* 598 (42 S. E. 999); *Malsby* v. *Studstill*, 127 *Ga.* 726, 728 (56 S. E. 988).

(b) It is true that the motion was overruled, thus treating the same as possessing validity. The correct judgment would have been one of dismissal; but inasmuch as the same result follows the judgment actually rendered, the judgment will not be reversed.

3. Exceptions pendente lite were taken by the defendant to the overruling of the defendant's demurrer to the plaintiff's petition; but no error was originally assigned thereon in the final bill of exceptions, and none was made by counsel before the argument of the case. Accordingly no issue is presented for the consideration of this court. *Smiley* v. *Smiley*, 144 *Ga.* 546 (87 S. E. 668).

*Judgment affirmed. All the Justices concur.*

ON MOTION FOR REHEARING.

The order of the court amending the process at the appearance term and requiring service upon the defendant at the next succeeding term was not error, the plaintiff being guilty of no laches, but being active and diligent in procuring proper and legal service on the defendant. *White* v. *Hart*, 35 *Ga.* 269; *McGhee* v. *Gainesville*, 78 *Ga.* 792 (3 S. E. 670); *Lassiter* v. *Carroll*, 87 *Ga.* 733 (13 S. E. 825); *Cox* v. *Strickland*, 120 *Ga.* 104, 113 (47 S. E. 912, 1 Ann. Cas. 870), and authorities cited: *McLendon* v. *Ward-Truitt Co.*, 19 *Ga. App.* 496 (91 S. E. 1000).

No. 1221. MAY 14, 1919. REHEARING DENIED JUNE 14, 1919.

Action upon bond. Before Judge Jones. Habersham superior court. September 21, 1918.

*Bryan & Middlebrooks* and *McMillan & Erwin,* for plaintiff in error.

*W. A. Charters* and *J. J. & Sam. Kimzey,* contra.