SHIRLEY, ordinary, *v.* MORGAN *et al.; et vice versa.*

Nos. 7488, 7517. March 18, 1930. Rehearing denied April 19, 1930.

*J. P. Brooke,* for Shirley, ordinary.

*H. B. Moss* and *G. B. Walker,* contra.

Gilbert, J. Morgan and others filed, on July 30, 1929, against Shirley, ordinary, having control and management of the public roads of Milton County, a petition praying that he be compelled by mandamus to build a bridge across Big Creek. There had been a bridge at the point in question. The petition alleges that the bridge became impassable; that the ordinary caused it to be torn away, and had failed and refused to replace it; that it had formed part of a public road leading from the county-site, Alpharetta, to a populous portion of the county on the eastern side; that the road and bridge had been maintained by the county for ten or fifteen years, and that there was great need for the same. The answer of the defendant denied the material averments of the petition and pleaded that the road in question, including the bridge torn away, had never been established in any manner recognized by law; that the bridge was first built in 1923, and had been washed away twice; that the reason for its removal in 1928 was that, due to defective abutments, it had fallen in and become dangerous; that after the bridge was removed the defendant found, upon investigation, that the road approaching the bridge had never been put upon the county or taken over by it; that the title to the road or the right to use the bed thereof was never legally acquired, and the public had no right to it; that the approaches to the site of the bridge are through swampy, boggy ground, by reason of which it is practically impossible to construct at that point a bridge which will withstand undermining by high water; that another bridge is located about two hundred yards down stream from the site in question, which is in safe condition and has been in use for about forty years without

having been washed away or affected by high water; that this bridge is part of a public road which has been a post-road for nearly twenty years; that this road leads to and from the same places and serves the same communities and travel, and is of substantially the same distance as the road on which plaintiffs seek to have the bridge replaced; that this road can not be dispensed with without serious results to the public and owners of land adjacent to the road; and that the county should not be burdened with the expense of constructing and maintaining the bridge in such close proximity to the other bridge mentioned.

The court submitted to a jury the issue thus made. The jury found for the petitioners. The defendant moved for a new trial. In the main bill of exceptions error is assigned upon the overruling of the motion for a new trial as amended. In view of the rulings made, it is unnecessary to state the grounds of the amendment to the motion for a new trial. The assignments of error in the cross-bill of exceptions are hereinafter stated.

■ The issue raised by the cross-bill will be first decided, for the reason that it is an assignment of error on the judgment of the trial court refusing to dismiss the motion for a new trial. On the hearing of the motion for a new trial respondents moved to dismiss the motion on the grounds: "First: At the time service on said motion was acknowledged, said motion had never been filed, and 'filing' was not waived; there has been no service since the filing, and the time has expired for service. Second: . . on account of the failure of movant to present to their [respondents'] counsel said brief of evidence five days prior to the time fixed for the hearing." To sustain the motion respondents filed and offered as evidence an affidavit signed by both of their counsel, to wit: "H. B. Moss says that he signed the acknowledgment of service on said motion, which was the only service made; that at the time he signed said acknowledgment of service said motion had not been filed by the clerk, and that he did not waive filing; that he has never been served since the filing. That to-day, Sept. 28th, is the first time he has ever seen the brief of evidence, and that he was not served five days before this date with the brief of evidence. G. B. Walker on his part says that he has never been served with any copy of the motion; that H. B. Moss made the only acknowledgment of service made by anybody; and that this day is the first

time he ever saw the brief of evidence, that it was not presented to him five days before the time fixed in the order for the hearing." It appears from the record that the motion for a new trial was filed on August 23, 1929, and on the same day service was acknowledged in the following terms: "Due and legal service of the within motion and order acknowledged; time, copy, and all other and further service waived."

(a) Conceding that the acknowledgment of service was signed previously to the filing of the motion in the clerk's office, both being on the same day, the terms of the acknowledgment are sufficient to constitute a waiver of "time, copy, and all other and further service" after the official filing. The statute does not provide any time within which service of nisi must be perfected. *Louisville & Nashville R. Co.* v. *Nelson,* 145 *Ga.* 89 (88 S. E. 544); *Peavy* v. *Peavy,* 167 *Ga.* 219 (145 S. E. 55). It was served on August 23; the hearing was on September 28. It is true that a document called a motion for a new trial is not legally a motion for a new trial until it is filed in the office of the clerk of the court. *United States Fidelity &c. Co.* v. *First National Bank,* 149 *Ga.* 132 (99 S. E. 525), and cit. Therefore it would necessarily follow that a mere acknowledgment of service, or a service by the sheriff of an unfiled document purporting to be a motion for a new trial, nothing else appearing, would be a nullity; but such a private or unofficial document was presented to counsel representing the adversary party, and such counsel signed a waiver. In this instance the court was authorized to construe the language, "time, copy, and all other and further service waived," as a waiver of the time of service. In other words, counsel expressly accepted the service of the unofficial unfiled document as a compliance with the order of the court in the rule nisi that the motion be served on the opposite party. As in the case of *Peavy* v. *Peavy,* supra, the waiver of "time" relates solely to the service. The motion was concededly filed within the time required by law.

(b) The second ground of the motion to dismiss complains of the failure of the movant for new trial to present the brief of evidence to counsel for respondents five days prior to the time fixed for the hearing. The original motion for new trial, based on the general grounds, was dated August 23, 1929. It was presented to the trial judge, who passed an order on that day requiring

service of the motion and order on the solicitor-general. On the same day the judge passed another order postponing the hearing until September 28, 1929, in vacation, and allowing the movant to amend the motion at any time before the final hearing. It was further ordered that the movant have until that day "to prepare for approval a brief of the evidence in said case, provided the same be presented to the attorneys for pltfs. at least five days prior thereto, and said brief of evidence may be then filed in the clerk's office at any time within ten days after the motion is heard and determined." It will be observed that the order of the judge required the motion served upon the solicitor-general, and upon no one else; but the statute requires that "in all applications for a new trial the opposite party shall be served with a copy of the rule nisi, unless such copy is waived." So this will be treated as a mere inadvertence, especially as no point has been raised by respondents. There is no law requiring movant to present a copy of the brief of evidence to counsel for respondent. The brief of evidence, under the law, must be presented to the trial judge, who is the final arbiter of its correctness; but the trial judge, in order to expedite a proceeding, and in fairness to the opposite party, may in his discretion order that the brief be presented to opposing counsel. Since that matter rests within the discretion of the trial judge, it would seem to be just and proper that compliance with the order should also be subject to the discretion of the judge who had passed the order. In a case where it does not appear that the failure to comply with such an order has worked inconvenience or injury to the opposite party, it certainly would be no abuse of discretion for the judge to refuse to dismiss the motion for a failure to comply. In this case it is not contended or suggested that any injury or inconvenience resulted. The legal effect of the court's order requiring the brief of evidence to be presented to counsel for respondent prior to the date set for the hearing is not the same as an order requiring the brief of evidence to be approved by the court on a day in vacation previous to the hearing. In the latter circumstance, where there is a failure to present the brief of evidence to the court for approval as required in the order, "the judge is without jurisdiction, on the day fixed for the presentation of the brief, to lawfully extend the time for such presentation; and when thereafter he approves a brief of the evidence presented in accord-

ance with an order granted on the day fixed by the order in term for the presentation of the brief, and proceeds to a hearing of the motion, it is error to refuse to dismiss the motion for a new trial on the ground that it is not accompanied with a brief of evidence presented and filed according to law." *Blackburn* v. *Alabama Midland R. Co.*, 116 *Ga.* 936 (43 S. E. 366). The court being in vacation on the date set for the presentation of the brief of evidence to the judge, and that date having passed without compliance with the order, it becomes impossible to complete a legal brief of evidence, which is essential to the motion for a new trial. In the present case the brief of evidence was required, under the order, to be presented to the judge on the date of the hearing, and was so presented and approved. In the circumstances it can not be held that the court erred in refusing to dismiss the motion for a new trial; and therefore the judgment complained of in the cross-bill of exceptions must be affirmed.

The remaining headnotes do not require elaboration.

*Judgment reversed on the main bill of exceptions. All the Justices concur, except Atkinson and Hill, JJ., who dissent.*

*Judgment affirmed on the cross-bill of exceptions. All the Justices concour.*