WEBB *v.* NOBLES.

No. 14402.   JANUARY 13, 1943.

*R. I. Stephens,* for plaintiff.
*Lester F. Watson* and *W. A. Dampier,* for defendants.

GRICE, Justice. ■ In all applications for a new trial the opposite party shall be served with a copy of the rule nisi, unless such copy is waived. Code, § 70-306. The time within which the service shall be made is not prescribed by the statute. *Connor* v. *State*, 7 *Ga. App.* 83 (66 S. E. 482). In *Gould* v. *Johnston*, 123 *Ga.* 765 (51 S. E. 608), it was said that service within a reasonable time is contemplated; and that while it is good practice for the judge to provide 'in his order within what time the movant shall perfect service upon the respondent, yet if made in ample time before the hearing to afford the respondent a reasonable opportunity to get ready to meet the motion, the demands of the statute will be satisfied. Where no time is fixed within which service of the motion for new trial shall be effected, such service may be perfected even after the hearing of the motion for new trial has been continued, if there be service upon the opposite party at such time before the date set for the final hearing as will enable the opposite party to prepare to resist the grant of the motion. *Connor* v. *State*, supra. See *Louisville & Nashville R. Co.* v. *Nelson*, 145 *Ga.* 89 (88 S. E. 544). When the time fixed for the hearing arrives, and no service has been effected, it is generally a matter in the sound discretion of the judge whether to dismiss the motion, as was done in *Smedley* v. *Williams*, 112 *Ga.* 114 (37 S. E. 111), and *Wolf* v. *Sampson*, 123 *Ga.* 400 (51 S. E. 335), or to continue the final hearing until service is perfected, as in *Connor* v. *State*, supra, *Martin* v. *Monroe*, 107 *Ga.* 330 (33 S. E. 62), and *Louisville & Nashville R. Co.* v. *Nelson*, supra. The order entered in term containing a provision that if the motion was not heard and determined on the date then and there fixed, the same might be heard· any time thereafter [in term time or vacation that might be fixed] by order of the court, it was permissible to determine the motion for new trial on the new date so fixed in vacation. Code, § 70-301. It was also within the court's discretion at such later date to adjourn the hearing to another date in vacation and act upon it at such subsequent time. Code, § 70-302; *Stone* v. *Taylor*, 63 *Ga.* 309; *Dorsey* v. *Central of Georgia Ry. Co.*, 113 *Ga.* 564 (38 S. E. 958).

A motion for new trial does not become automatically void because of failure to serve the respondent, and does not become void until dismissed. *Town of Fairburn* v. *Brantley*, 161 *Ga.* 199,

200 (130 S. E. 67). Upon application of the foregoing principles, it was within the discretion of the trial court to refuse to dismiss the motion on the ground that it had not been served before the date originally fixed for the hearing, and to continue the same until service on the respondent was had, and, when this was perfected, to pass upon the merits of the motion.

■ This is the first grant of a new trial. An examination of the record discloses that the verdict was not demanded by the evidence. In such a case the well-established rule is that the discretion of the trial judge in granting a new trial will not be disturbed. *Judgment affirmed. All the Justices concur.*