34662. THROGMORTON *v.* TRAMMELL, t/a TRAMMELL CONSTRUCTION COMPANY.

Decided November 19, 1953—Rehearing denied December 17, 1953.

*Adams & McDonald,* for plaintiff in error.

*Hardin & McCamy,* contra.

Per Curiam. Code § 70-306 provides as follows: "In all applications for a new trial the opposite party shall be served with a copy of the rule nisi, unless such copy is waived." As appears from the statement of facts, an acknowledgment of service, reciting merely "Due and legal service of the within motion and order acknowledged; copy received", signed by counsel for the plaintiff and dated October 16, 1952, was had of the motion for new trial and rule nisi, which, however, were not filed until October 18,

1952. There was no further attempt to serve the plaintiff or obtain an acknowledgment of service, and no further waiver of service. It must therefore be determined, first, whether service was in fact perfected, and secondly, if not, whether the lack of service should have resulted in a dismissal of the motion for new trial upon motion of the plaintiff on that ground.

"It is essential to the validity of a motion for new trial that it should be filed with the clerk of the trial court within the time prescribed by law; and a motion which has not been so filed should be dismissed, notwithstanding the judge before whom the case is tried may have granted a rule nisi within the time provided in the consent order. Until the motion is filed it is a mere private paper. *Hilt* v. *Young*, 116 *Ga.* 708, 712 (43 S. E. 76)." *United States Fidelity &c. Co.* v. *First National Bank of Cornelia*, 149 *Ga.* 132 (1a) (99 S. E. 529). And as stated in *Shirley* v. *Morgan*, 170 *Ga.* 324, 327 (152 S. E. 831): "It is true that a document called a motion for a new trial is not legally a motion for a new trial until it is filed in the office of the clerk of the court. . . Therefore, it would necessarily follow that a mere acknowledgment of service, or a service by the sheriff of an unfiled document purporting to be a motion for a new trial, nothing else appearing, would be a nullity." It follows, therefore, that at the time the copy of the unfiled motion for new trial and order thereon were left with plaintiff's counsel and he acknowledged service thereof, the document was a mere private paper, and, so far as service was concerned, a nullity.

As stated in *Town of Fairburn* v. *Brantley*, 161 *Ga.* 199 (2) (130 S. E. 67): "Failure to serve a motion for new trial will afford ground upon which the motion must be dismissed, but the failure may be waived." Accordingly, no service having been had upon the respondent in the motion for new trial subsequently to the filing of such motion with the rule nisi thereon, it must next be determined whether a waiver exists. The wording of the acknowledgment of service here concludes nothing which would not have been concluded by a sheriff's return of service, since it merely recites that there has been due and legal service, and copy has been received. "Service" refers to service of the unfiled motion and rule—in other words, service of a mere private paper, which, at the time it was served, was of no efficacy whatever. It did not, as in *Shirley* v. *Morgan*, supra, waive "time, copy,

and all other and further service," and did not constitute a waiver of proper service after the filing of the motion and order. At most, it shows only that the respondent had notice of the movant's *intention to apply* for a hearing on a given date, but not of his application for such hearing. Mere notice, where there is no affirmative act done pursuant thereto by the opposite party, does not constitute a waiver. Most of the cases which are cited by counsel for the defendant in error, and have been called to the attention of court, deal with the time of service rather than the fact of service. In *L. & N. R.* v. *Nelson,* 145 *Ga.* 89 (88 S. E. 544), it was held only that no time of service is specified by statute, and the time of service is therefore within the control of the trial judge in the exercise of his sound discretion. In *Jemison* v. *Polk,* 130 *Ga.* 54 (60 S. E. 174), it was held that although service was not made within the length of time specified in the rule nisi, the judge in his discretion might extend the time of service. *Webb* v. *Nobles,* 195 *Ga.* 287 (1) (24 S. E. 2d 27), *Gould* v. *Johnston,* 123 *Ga.* 765 (51 S. E. 608), and *Connor* v. *State,* 7 *Ga. App.* 83 (66 S. E. 482) all hold to the effect that, even though the rule has not been served at the time the motion comes up for hearing, the court in its discretion may continue the case to give time in which service may be perfected. *Martin* v. *Monroe,* 107 *Ga.* 330 (33 S. E. 62) holds that where service is perfected in ample time to permit the respondent to prepare for hearing, it is no ground for dismissal that such service was not made within any stated number of days. In *Stone* v. *Taylor,* 63 *Ga.* 309, and *Dorsey* v. *Central of Ga. Ry. Co.,* 113 *Ga.* 564 (38 S. E. 958), it was established that a motion for new trial would not be dismissed simply because an order had been taken in term time to hear the motion in vacation. In none of these cases was there a failure to file the motion for new trial and rule nisi *prior to* service upon the respondent, except in *Shirley* v. *Morgan,* supra, where there was a waiver of "time . . . and all other and further service."

The question of whether the trial judge upon receipt of the remittitur and before the judgment of this court is made the judgment of the trial court, may then by proper order extend the time in which service of the rule nisi on the motion for new trial may be perfected for a subsequent hearing of the motion, is not before this court.

There being here no valid service, and no waiver of service, nor any continuance for the purpose of perfecting service, the trial court erred in denying the motion to dismiss the motion for new trial.

*Judgment reversed. Felton, Townsend, Carlisle, and Quillian, JJ., concur. Gardner, P. J., dissents. Sutton, C. J., concurs in the dissent.*

GARDNER, P. J., dissenting. The plaintiff in error, Mrs. Elaine Matthews Throgmorton, ne Mrs. Elaine Matthews (whom we shall call the plaintiff), sued L. N. Trammell, trading as Trammell Construction Company, defendant in error here (whom we shall call the defendant). The instant case came on to be tried before Judge J. H. Paschall of the Superior Court of Whitfield County at the October Term, 1952, this being a second trial of the case before Judge Paschall. The first trial resulted in a verdict in favor of the plaintiff. The defendant made a motion for new trial, which was overruled. The defendant assigned error to this court on the overruling of such motion. This court reversed the trial court because of an erroneous charge set out in a special ground. See *Trammell* v. *Matthews, 86 Ga. App.* 661. The case was again tried at the October term, 1952. The instant case arises from the second trial. A jury was stricken and the plaintiff began the introduction of evidence, but Judge Paschall was prevented by providential cause from completing the trial of the case. Being unable to secure the service of another judge to complete the trial, both party litigants by consent selected Hon. D. W. Mitchell, of Whitfield County, Georgia, to proceed with the case. Judge Mitchell presided during the introduction of testimony, argument of counsel, and the return of a verdict, which was in favor of the plaintiff. The defendant filed a motion for new trial, which was subsequently amended. Judge Paschall then took over in the procedure of the case. The verdict was returned on October 11, 1952, and judgment was entered on October 13, 1952. On October 15, 1952, the defendant's motion for new trial was presented to Judge Paschall, who set the time for hearing the motion on January 19, 1953. On October 16, 1952, before the motion for new trial was filed in court, counsel for the plaintiff made the following acknowledgment of service of the motion: "Due and legal service of the within motion and order acknowledged; copy received. This the 16th day of Oc-

tober, 1952. [Signed] Isaac C. Adams. Ernest McDonald. Attorneys for plaintiff."

The motion for new trial was filed in the office of the clerk of the superior court on October 18, 1952. On January 19, 1953, on motion by the defendant, the judge continued the hearing of the motion until March 10, 1953, stating in his order that the official court reporter had not completed the record. On January 19, 1953, the attorneys for the plaintiff signed the following: "Service of the within order is hereby acknowledged; copy received, said order being obtained by movant ex parte. This the 19th day of January, 1953. Adams and McDonald, by Isaac C. Adams, Attorneys for Mrs. Virginia Elaine Matthews, Respondent." The order of continuance to March 10, 1953, was filed on January 20, 1953. On March 10, 1953, before the defendant tendered or had approved a brief of evidence in this case or tendered for allowance his amended motion for new trial, the plaintiff filed and presented a verified written motion to dismiss the motion for new trial on the grounds: "The respondent, Mrs. Virginia Elaine Matthews Throgmorton, has not been legally and duly served with the said motion for a new trial, nor has service of said motion for a new trial been waived by her." Thereupon the court passed the following order: "The within motion having been heard, same is hereby overruled. This the 10th day of March, 1953. [Signed] J. H. Paschall. J. S. C. C. C." To this judgment denying the motion to dismiss the motion for new trial the plaintiff filed exceptions pendente lite, which were allowed and certified as true on March 27, 1953. After the judge denied the motion to dismiss the motion for new trial, he proceeded on the same date to approve the brief of evidence and hear argument on the amended motion for new trial. As to the motion for new trial, he passed the following order: "Upon argument, the within motion is hereby granted and a new trial is hereby ordered, especially on grounds 1, 4, 5, 6, 7, 9, 12, and 13 of the amendment to the original motion. This 17th day of March, 1953. [Signed] J. H. Paschall. J. S. C. C. C."

To the judgment granting the motion for new trial the plaintiff filed her bill of exceptions to this court.

1. Counsel for both parties agreed that there are two questions presented to this court for decision: First, did the court err in overruling the motion of the plaintiff to dismiss the defendant's

motion for new trial; and second, did the court err in granting the motion for new trial? In this dissent, I am concerned only with the first issue.

It is contended by the plaintiff that the court erred in denying her motion to dismiss the motion for new trial. The gist of her contention is that the service on the plaintiff was insufficient in law as a waiver or otherwise for the motion for new trial, and that the continuance of the motion from January 19 to March 10, 1953, was insufficient in law as a waiver or otherwise. It is contended that, since the motion for new trial had not been filed at the time service was acknowledged—having been filed two days later—and since the motion for continuance had not been filed at the time of the service or acknowledgment, and that acknowledgment was before the order had been filed, the service was insufficient as a matter of law. Counsel for the plaintiff relies upon two cases, *United States Fidelity &c. Co.* v. *First National Bank of Cornelia,* 149 *Ga.* 132, and *Shirley* v. *Morgan,* 170 *Ga.* 324. I do not think that the first of these cases is authority for the contention of the plaintiff that the court should have dismissed the case at bar. In that case the motion for new trial was not filed within the time required by law, but was filed thirty days after the rendition of the judgment of which complaint was made. Such are not the facts in the instant case.

A careful reading of *Shirley* v. *Morgan,* supra, shows that that case does not sustain the position of the plaintiff. The holding there is simply to the effect that the acknowledgment of service of an unfiled motion or the service by the sheriff of an unfiled motion, *"nothing else appearing,"* would be a nullity. It seems that in that case the motion to dismiss the motion for new trial was properly denied. It appears that the motion was filed within the time required by law in that case. In the instant case, the motion was filed within the time required by law. We think that the phraseology *"nothing else appearing"* necessarily refers to no entry of filing. If the motion was not filed within the time required by law, the acknowledgment of service could not give life to the purported motion. It seems to me that the holding in *Shirley* v. *Morgan,* supra, is against the contentions of the plaintiff. This is true, to our way of thinking, if there were no other decisions or law upon the question. Code § 70-306 provides that, in all applications for new trials, the opposite party shall be

served with a copy of the *rule nisi*. It is not required, in that Code section, that a copy of the motion be served. That Code section does not provide that the rule nisi be filed prior to its service. The section does not provide any specific time within which the rule nisi must be served. In the instant case, due and legal service of both the copy of the motion and of the rule nisi was acknowledged *as due and legal*. The Supreme Court in *Webb* v. *Nobles*, 195 *Ga*. 287 (1), in a full-bench decision dealing with the question here presented, and citing numerous cases as well as Code sections, said: "Where no time is fixed within which service of the motion for a new trial should be effected, such service may be perfected even after the hearing of the motion for new trial has been continued, if there be service upon the opposite party at such time before the date set for the final hearing as will enable the opposite party to prepare to resist the grant of the motion." In the body of the opinion it is stated: "1. In all applications for a new trial the opposite party shall be served with a copy of the rule nisi, unless such copy is waived. Code § 70-306. The time within which the service shall be made is not prescribed by the statute. *Connor* v. *State*, 7 *Ga. App.* 83 (66 S. E. 482). In *Gould* v. *Johnston*, 123 *Ga*. 765 (51 S. E. 608), it was said that service within a reasonable time is contemplated; and that while it is good practice for the judge to provide in his order within what time the movant shall perfect service upon the respondent, yet if made in ample time before the hearing to afford the respondent a reasonable opportunity to get ready to meet the motion, the demands of the statute will be satisfied. Where no time is fixed within which service of the motion for new trial shall be effected, such service may be perfected even after the hearing of the motion for new trial has been continued, if there be service upon the opposite party at such time before the date set for the final hearing as will enable the opposite party to prepare to resist the grant of the motion. *Connor* v. *State*, supra. See *Louisville & Nashville R. Co.* v. *Nelson*, 145 *Ga*. 89 (88 S. E. 544). When the time fixed for the hearing arrives and no service has been effected, it is generally a matter in the sound discretion of the judge whether to dismiss the motion, as was done in *Smedley* v. *Williams*, 112 *Ga*. 114 (37 S. E. 111), and *Wolf* v. *Sampson*, 123 *Ga*. 400 (51 S. E. 335), or to continue the final hearing until service is perfected as in *Con-*

*nor* v. *State,* supra, *Martin* v. *Monroe,* 107 *Ga.* 330 (33 S. E. 62) and *Louisville & Nashville R. Co.* v. *Nelson,* supra. The order entered in term containing a provision that if the motion was not heard and determined on the date then and there fixed, the same might be heard any time thereafter [in term time· or vacation that might be fixed] by order of the court, it was permissible to determine the motion for new trial on the new date so fixed in vacation. Code § 70-301. It was also within the court's discretion at such later date to adjourn the hearing to another date in vacation and act upon it at such subsequent time. Code § 70-302; *Stone* v. *Taylor,* 63 *Ga.* 309; *Dorsey* v. *Central of Ga. Ry. Co.,* 113 *Ga.* 564 (38 S. E. 958). A motion for new trial does not become automatically void because of failure to serve the respondent and does not become void until dismissed. *Town of Fairburn* v. *Brantley,* 161 *Ga.* 199, 200 (130 S. E. 67). Upon application of the foregoing principles, it was within the discretion of the trial judge to refuse to dismiss the motion on the ground that it had not been served before the date originally fixed for the hearing, and to continue the same until service on the respondent was had, and, when this was perfected, to pass upon the merits of the motion." See also, in this connection, *Martin* v. *Monroe,* 107 *Ga.* 330; *Jemison* v. *Polk,* 130 *Ga.* 54.

I think that the court was correct in not dismissing the motion for new trial in view of the above authorities and in view of the facts in this case. I might concede that the majority opinion is correct to the extent that perhaps the judge should have continued the hearing until a future time in order that the opposite party to the motion should have been properly served, but the judge did not dismiss the motion. It is still pending. It was filed in time. The rule nisi was sufficiently plain and specific and properly served. The court in its discretion may, when the case again reaches the court below, have the proper service of the motion for new trial perfected on the opposite party. The case will reach the court below enveloped with the same status that the motion had when the court refused to dismiss it. I know of no law or decision in this State whereby the Court of Appeals may require the trial judge to dismiss such a motion. It is my opinion that the trial court was amply authorized to consider the service of the motion due and legal. But, as above stated, conceding that in this he was wrong, he still has the right

to refuse to dismiss the motion and to have it served. There is no question of equity involved, as the writer sees it, and service ought to be perfected in terms of the law and the motion not be dismissed.

With reference to the question of extending time for the purpose of perfecting service of the motion for new trial, or having service of same made, which point the majority of the court says is not now before this court, see *Webb* v. *Nobles*, 195 *Ga.* 287, at pp. 288 and 289, which states that service of a motion for new trial under such circumstances can be perfected. Even conceding that the acknowledgment of service on the motion in this case before it was filed was not good, the trial judge in his discretion can now have service thereof perfected on the respondent, under the law as we understand it.

I am authorized to say that Chief Judge Sutton concurs in this dissent.