## 18507. TRAMMELL v. THROGMORTON.

Argued April 12, 1954—Decided May 11, 1954—
Rehearing denied May 31, 1954.

*Hardin & McCamy,* for plaintiff in error.
*Adams & McDonald,* contra.

Candler, Justice. Mrs. Matthews, now Mrs. Throgmorton, sued L. N. Trammell, trading as L. N. Trammell Construction Company, for a stated amount as damages, alleging that he had negligently killed her husband. A jury on October 11, 1952, by its verdict awarded the plaintiff $25,000, and a judgment for that amount was entered on October 13, 1952. On October 15, 1952, the defendant moved for a new trial and presented his application therefor to the presiding judge, who on that day signed a rule nisi requiring the plaintiff to show cause before him on January 19, 1953, why the motion should not be granted. In the order or rule nisi the judge directed that the plaintiff be served with a copy of the motion for new trial and with a copy of the rule nisi; and, by the terms of the order or rule nisi, he also granted a supersedeas until further order of the court. Counsel for the plaintiff signed the following acknowledgment of service or waiver thereof, which was written on the motion for new trial, the rule nisi, and the supersedeas: "Due and legal service of the within motion and order acknowledged; copy received. This the 16 day of October, 1952." The motion, the rule nisi, the supersedeas, and the acknowledgment of service were filed in the clerk's office of the trial court on October 18, 1952. On January 19, 1953, and on an ex parte motion by the movant the court continued the hearing on the motion for new trial, and fixed March 10, 1953, as a new date on which it would hear the motion. On the order continuing the hearing and fixing a new date therefor, counsel for the plaintiff signed the following: "Service

of the within order is hereby acknowledged; copy received, said order being obtained by movant ex parte. This the 19 day of January, 1953." When the motion for new trial came on for hearing on March 10, 1953, the respondent Mrs. Matthews, now Mrs. Throgmorton, moved to dismiss it on the ground that she had neither been duly and legally served with the motion for new trial nor had service of the motion been waived by her. Her motion to dismiss, after being heard, was denied. She excepted pendente lite. A new trial was granted by the trial judge, and in a bill of exceptions, which was timely sued out to the Court of Appeals, error was assigned by the plaintiff on the pendente lite exceptions and on the judgment granting a new trial.

The Court of Appeals, with Chief Judge Sutton and Presiding Judge Gardner dissenting, reversed the trial court, and in doing so held that a motion for new trial, until it is actually filed in the office of the clerk of the court rendering the judgment complained of, is a mere private paper which has no existence in contemplation of law, and any attempt to serve it or procure an acknowledgment of service on it before it is so filed is a nullity; that the entry indorsed on the motion for new trial, which the plaintiff's counsel signed, did not constitute a waiver of the required service, such entry being, at most, only notice to the plaintiff of the movant's intention to apply on a given date for a hearing on his motion for new trial, but not of his application for such hearing. *Throgmorton* v. *Trammell*, 89 *Ga. App.* 466 (79 S. E. 2d 574). The application for certiorari, which we granted, assigns error on that ruling and on that ruling only. Consequently, under Certiorari Rule 45 (Code § 24-4549), this court may and will consider only the question raised in the application for the writ of certiorari. *Louisville & Nashville R. Co.* v. *Tomlin*, 161 *Ga.* 749, 761 (132 S. E. 90); *Hall* v. *State*, 202 *Ga.* 619 (44 S. E. 2d 234); *Siegel* v. *State*, 206 *Ga.* 252 (1) (56 S. E. 2d 512).

In all applications for new trial the opposite party must be served with a copy of the rule nisi, unless such copy is waived (Code § 70-306), and the statute prescribes no time during which the opposite party must be served with a copy of the rule nisi. *Wood* v. *Wood*, 132 *Ga.* 484 (1) (64 S. E. 467); *Louisville & Nashville R. Co.* v. *Nelson*, 145 *Ga.* 89 (88 S. E. 544); *Peavy*

v. *Peavy*, 167 *Ga.* 219 (145 S. E. 55); *Webb* v. *Nobles*, 195 *Ga.* 287 (24 S. E. 2d 27). Where, as in this case, no time for serving a copy of the rule nisi is fixed by the presiding judge, it should be served in ample time for the opposite party to prepare for the hearing. *Martin* v. *Monroe*, 107 *Ga.* 330 (2) (33 S. E. 62); *Wood* v. *Wood*, supra. But when the time fixed for the hearing arrives, and no service has been effected, it is generally a matter in the sound discretion of the trial judge whether to dismiss the motion—as was done in *Smedley* v. *Williams*, 112 *Ga.* 114 (37 S. E. 111), and *Wolff* v. *Sampson*, 123 *Ga.* 400 (51 S. E. 335)—or to continue the final hearing until service is perfected, as in *Martin* v. *Monroe*, supra, and *Louisville & Nashville R. Co.* v. *Nelson*, supra. In this case it appears that a rule nisi was signed by the trial judge on October 15, 1952, which required the plaintiff to show cause before him on January 19, 1953, why a new trial should not be granted; and it also granted a supersedeas until further order of the court. By the rule nisi the movant was directed to serve the opposite party with a copy of the motion for new trial and with a copy of the rule nisi, and counsel for the plaintiff on the following day, but before the motion and the rule nisi were filed with the clerk of the trial court, acknowledged due and legal service of the motion and of the rule nisi, and according to his own statement he was at that time furnished with a copy of each. As we view the indorsement which was placed on the motion and rule nisi and signed by counsel for the respondent, the court was fully authorized to construe the language, "Due and legal service of the within motion and order acknowledged; copy received," as a waiver by the plaintiff of the service required. By those words the plaintiff through her counsel accepted service of the unofficial and unfiled document as a compliance with the order of the court that a copy of the motion for new trial and as compliance with the requirement of the statute that a copy of the rule nisi be likewise served on the opposite party. By voluntarily acknowledging due and legal service of the motion and of the rule nisi, after receiving a copy of each, the plaintiff through her counsel, necessarily and effectively waived that service of the motion for new trial ordered by the court and that service of the rule nisi which the statute requires; and a ruling to the contrary by this court would render

the words, "Due and legal service of the within motion and order acknowledged," meaningless and without legal effect; yet it was held by this court in *Rodahan* v. *Goggins*, 26 *Ga.* 408, that these words mean that whatever is necessary to render service legal has been done. See also *Gould* v. *Johnson & Co.*, 123 *Ga.* 765 (51 S. E. 608). As in *Peavy* v. *Peavy*, supra, the acknowledgment of due and legal service in the instant case, and the waiver which resulted therefrom, relate to that service ordered by the court and to that service which the statute requires in applications for new trial; and it is but fair to take counsel at his word that service of the motion and of the rule nisi had been perfected, duly and legally, by an acknowledgment thereof.

A different ruling is not required by *Hilt* v. *Young*, 116 *Ga.* 708 (43 S. E. 76); *United States Fidelity &c. Co.* v. *First Nat. Bank of Cornelia*, 149 *Ga.* 132 (99 S. E. 529), and *Shirley* v. *Morgan*, 170 *Ga.* 324, 327 (152 S. E. 831), which the Court of Appeals cited as authority for the ruling excepted to. In the first two of those cases, the question posed by the record was whether or not the motion for new trial had been filed with the clerk of the trial court within the time allowed by the statute, and the question of service was not involved in either case. Hence the rulings there made afford no support for the ruling made by the Court of Appeals in this case. In *Shirley's* case the question of service was directly involved. There an acknowledgment of service was indorsed on an unfiled motion for new trial, which read as follows: "Due and legal service of the within motion and order acknowledged; time, copy, and all other and further service waived." There was a motion in the trial court to dismiss the application for new trial on the ground, among others, that the acknowledgment of service was procured before the motion was filed with the clerk of the court in which the judgment excepted to was obtained. The motion to dismiss the application was denied by the trial judge. This court affirmed that judgment and in so doing held that counsel, by the acknowledgment, expressly accepted service of the unofficial and unfiled motion for new trial as a compliance with the statute and with the order of the court that a copy of the motion and a copy of the rule nisi be served on the opposite party; and it seems very clear to us that an acknowledgment of due and legal service, which imports

that whatever is necessary to render service legal has been done, accomplishes the same result. In *Jones* v. *Jones,* 209 *Ga.* 861, 863 (76 S. E. 2d 801), where the opinion was prepared for this Court by Chief Justice Duckworth, it was said with respect to service of legal process: "Courts are not too naive to perceive that the sole purpose of waiver of service is to avoid formal service, and they should unhesitatingly hold that, when a defendant executes such waiver of service, he is thereby precluded from thereafter complaining because of the absence of service. Courts are too busy and the business of courts is too important and serious to tolerate any trifling with the courts by a repudiation of voluntary acts that are essential to jurisdiction to render judgment and by which the opposing parties and the courts were persuaded that service was neither necessary nor desired." But if it could be said in this case, as counsel for the defendant in error argues, that an acknowledgment of due and legal service of the motion and of the rule nisi would not satisfy the requirement of Code § 70-306 if procured before the motion and rule nisi were filed with the clerk of the trial court, nevertheless it appears from the record that an order was granted in the case on January 19, 1953, after the motion for new trial and the rule nisi had been filed with the clerk of the trial court; that a new time was fixed by the order and a place was designated when and where the court would hear the movant's application for new trial; and that service thereof and receipt of a copy of that order were acknowledged by counsel for the plaintiff more than sixty days before the time fixed by the order as the date on which the court would hear the defendant's motion. Hence, since in applications for new trial the statute fixes no time during which the opposite party must be served with a copy of the rule nisi and none was fixed by the trial judge in the instant case, this was of itself a sufficient compliance with the provision of Code § 70-306 which requires the movant in all applications for new trial to serve the opposite party with a copy of the rule nisi. Accordingly, we must and do hold that the Court of Appeals erred in rendering the judgment excepted to in the petition for certiorari.

*Judgment reversed. All the Justices concur, except Wyatt, P. J., who dissents, and Sutton, J., who is disqualified.*