30019. STONER et al. v. McDOUGALL et al.

UNDERCOFLER, Presiding Justice.

This court granted certiorari to review the ruling of the Court of Appeals which held: "Where a motion for new trial is defective in that no rule nisi signed by the trial judge is sought or obtained, setting the same for hearing and accompanied by service on the opposite party, and there is no amendment and no waiver, a motion to dismiss should be sustained."

Code § 70-306 provides: "In all applications for a new trial the opposite party shall be served with a copy of the rule nisi, unless such copy is waived. . ." In this case a rule nisi was not sought or obtained from the trial judge but service of the motion for new trial was perfected.

A motion to dismiss the motion for new trial was made on the grounds that it had been abandoned, had not been timely prosecuted, was fatally defective as a matter of law, and was wholly without merit. The trial court denied the motion to dismiss and granted a new trial. Certificates for immediate review allowed the appeal of these rulings.

In all applications for new trial the opposite party must be served with a copy of the rule nisi, unless such copy is waived. Code § 70-306. The statute prescribes no time during which the opposite party must be served with a copy of the rule nisi. *Wood v. Wood,* 132 Ga. 484 (1) (64 SE 467); *Louisville & Nashville R. Co. v. Nelson,* 145 Ga. 89 (88 SE 544); *Peavy v. Peavy,* 167 Ga. 219 (145 SE 55); *Webb v. Nobles,* 195 Ga. 287 (24 SE2d 27). "The object of the rule nisi was to bring them before the court." *McIntire v. Tyson,* 56 Ga. 468, 469. "It is good practice . . . for the judge to provide in his order within what time the movant shall perfect service upon the respondent, to the end that both parties may be ready on the day fixed for the hearing. When this is not done, and service is not made prior to the hearing, the motion for new trial is subject to dismissal. *Smedley v. Williams,* 112 Ga. 114 [37 SE 111]." *Gould v. Johnston & Co.,* 123 Ga. 765 (2) (51 SE 608).

"When the time fixed for the hearing arrives, and no service [of the rule nisi] has been effected, it is generally a matter in the sound discretion of the judge whether to

dismiss the motion, as was done in *Smedley v. Williams,* 112 Ga. 114 (37 SE 111), and [*McMullen v. Citizens Bank,* 123 Ga. 400 (1) (51 SE 342)], or to continue the final hearing until service is perfected, as in *Connor v. State* [7 Ga. App. 83 (66 SE 482)], *Martin v. Monroe,* 107 Ga. 330 (33 SE 62), and *Louisville & Nashville R. Co. v. Nelson* [145 Ga. 89 (88 SE 544)]." *Webb v. Nobles,* 195 Ga. 287, supra.

The failure to attach a rule nisi to a motion for new trial does not demand a dismissal of the motion. The trial judge in his discretion may dismiss it or continue the matter until the motion is perfected. In this case he did neither but granted the motion for new trial. So far as the record reflects, a hearing on the motion for new trial has never been ordered by the trial court.

The case is remanded to the Court of Appeals for further consideration consistent with this opinion.

*Judgment reversed. All the Justices concur.*

ARGUED JULY 9, 1975 — DECIDED SEPTEMBER 16, 1975.

*Bell & Desiderio, Charles R. Desiderio,* for appellants.

*Hunter S. Allen, Jr., T. M. Smith, Jr.,* for appellees.